302 So.2d 797 (1974)
Lee Albert ANSLEY, Appellant.
v.
STATE of Florida, Appellee.
No. U-381.
District Court of Appeal of Florida, First District.
November 5, 1974.
Richard W. Ervin, III, Public Defender, and David J. Busch, Asst. Public Defender, for appellant.
Robert L. Shevin, Atty. Gen., and Richard W. Prospect, Asst. Atty. Gen., for appellee.
BOYER, Judge.
We here review an adjudication of guilt and resulting five year sentence following a verdict of guilty by a jury of the offense of possessing more than five grams of cannabis. Two points are raised by appellant.
First, appellant contends that the trial court erred in admitting over appellant's objection the testimony of two witnesses called by the State whose names had not been disclosed to defendant's attorney in response to appropriate discovery pursuant to Rule 3.220(a)(1)(i) *798 RCrP. The record reveals that during the progress of the case the defendant, appellant here, changed attorneys. The names of the two witnesses was furnished to defendant's first attorney but not to the second. Our review of the record reveals that the trial judge conducted a careful inquiry into the circumstances surrounding defense counsel's objection to the calling of the witnesses and carefully complied with the requirements of Richardson v. State, Sup.Ct.Fla. 1971, 246 So.2d 771 and Ramirez v. State, Fla.App.4th 1970, 241 So.2d 744. Appellant contends that as a prerequisite to allowing the subject witnesses to testify the trial court was required, by the holdings of the above mentioned cases, to make and enter upon the record a specific determination that the defendant was not prejudiced by the State's failure to disclose names of the subject witnesses to the defendant's counsel. The State, appellee, on the other hand, urges that upon the trial court carefully and thoroughly inquiring into the matter, his mere overruling of defense counsel's objection to the witnesses satisfies the requirements of said cases for the exercise of the trial court's discretion. We agree with the State and affirm as to the first point. Although it would be helpful and tend to avoid further litigation and appeals if the trial judge would, under such circumstances, dictate a specific finding into the record, the failure so to do is harmless error at most and does not furnish a ground for reversal. A careful inquiry by the trial judge into the reasons for the failure to disclose the name of a witness and other matters relating to any potential prejudice as a result of such nondisclosure followed by a specific ruling denying or overruling an objection to the taking of the testimony of such witnesses on the ground that their names were not disclosed upon appropriate discovery constitutes, in and of itself, a finding and determination of nonprejudice.
We now turn to appellant's second point in which he urges that the trial court erred in permitting an expert witness called by the State to give an opinion as to the total weight of the cannabis when she had not conducted a quantitative analysis of the contents of its container.
The defendant was charged with possession of more than five grams. Very simply, a prima facie showing of the offense consisted of proof of the existence of the substance and the weight thereof. To establish and carry its burden of proof, the State called an expert witness who testified that a sample of the substance tested positively revealed that it was cannabis; that the weight of the entire amount of the substance from whence the sample was taken weighed 11 grams and that, in her opinion, more than half of the entire substance was cannabis. That opinion testimony, like any other testimony, was subject to be believed or disbelieved by the trier of the fact, in this case the jury. The defendant, appellant here, under our liberal rules of discovery had every opportunity to inspect, examine or test the substance either quantitatively or qualitatively, or both, and present such findings at the trial. (Johnson v. State, Fla.App.3rd 1971, 249 So.2d 470) He did not do so and the testimony of the State's expert witness stood uncontradicted. The evidence was clear that the weight of the total substance was 11 grams. If "more than half" was cannabis (as was testified to by the expert) then a fortiori the weight of the cannabis exceeded five grams. No sophisticated mathematics is required to arrive at such a conclusion.
The appellant having failed to demonstrate reversible error, the judgment and sentence appealed are
Affirmed.
RAWLS, C.J., concurs.
McCORD, J., specially concurring.
McCORD, Justice (specially concurring).
An examination of the testimony of the two witnesses who were called by the *799 state over objection of the defendant reveals that it was not of such nature that the defendant was prejudiced by the state's failure to disclose the witnesses names to defendant's attorney prior to trial. The testimony of the two witnesses only related to the chain of custody of an exhibit. While I would not condone the state's willful violation of Rule 3.220(a)(1) (i), F.R.Cr.P., the record shows that in this instance the state's failure to comply with the rule was inadvertent.