PER CURIAM.
Appellant, Dewey Lightsey, was charged by information with grand larceny of an airboat owned by the DeSoto County Sheriff’s Department. He was tried by a jury and convicted. The trial judge adjudged him guilty and sentenced him to three years in state prison. On this appeal, appellant complains that his case was prejudiced by the state’s failure to disclose the name of one of its witnesses until the day of trial. We agree and reverse for a new trial.
Despite a defense demand for the names of all witnesses, made pursuant to Fla.R.Crim.P. 3.220, the state did not disclose the name of Gerald Lewis until the day of the trial. This was a clear violation of the Rules of Criminal Procedure; and so before allowing Lewis to testify, it was the duty of the trial court to make an adequate inquiry to determine whether the appellant was harmed or prejudiced by the state’s noncompliance. Richardson v. State, 246 *825 So.2d 771 (Fla.1971); Johnson v. State, 312 So.2d 231 (Fla.2d DCA 1975). The court made no such inquiry. While it did look into the circumstances surrounding the state’s failure to disclose, it did not investigate the effect of that failure upon defendant’s case. Thus, unless the court’s error was harmless, and we do not believe that it was, we must reverse. Johnson v. State, supra.
Gerald Lewis’ testimony was the only testimony which corroborated that of the state’s main witness John Howell who was a codefendant in the case. Consequently although Lewis failed positively to identify the appellant, his testimony was prejudicial to appellant since the uncorroborated testimony of a codefendant is to be treated with special caution by the jury. Dupree v. State, 195 So.2d 1 (Fla.2d DCA 1967). This was particularly so in this case because there was evidence to show that Howell named appellant as a codefendant only after investigators told him that they believed there were two people involved in the crime and that they were prepared to arrest Howell’s wife if he did not name a second person.
The judgment and sentence are reversed and the case is remanded for a new trial.
McNULTY, A. C. J., and GRIMES and OTT, JJ., concur.