438 So.2d 905 (1983)
Phil R. BAKER, Appellant,
v.
STATE of Florida, Appellee.
No. 82-1670.
District Court of Appeal of Florida, Second District.
September 21, 1983.
Rehearing Denied October 31, 1983.
Jerry Hill, Public Defender, and Michael E. Raiden, Asst. Public Defender, Bartow, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Peggy A. Quince, Asst. Atty. Gen., Tampa, for appellee.
GRIMES, Acting Chief Judge.
This is an appeal from a conviction of grand theft in which the sole point is whether the court erred in permitting an undisclosed witness to testify without first conducting an adequate hearing as required by Richardson v. State, 246 So.2d 771 (Fla. 1971).
At trial Lonnie White testified that he had been arrested for driving while under the influence of alcohol. Because this was his second arrest in two years, he expected to receive a jail sentence if convicted. The following morning White went to the Wag-On-Inn bar and told the proprietor about his arrest. Appellant overheard the conversation and informed White that he could fix the ticket since Pasco was his county. Appellant then made a telephone call and told White he would be back in touch with him in about an hour. The bar owner and another employee were called as witnesses to corroborate this conversation.
White further testified that appellant later called him at the bar and said that it would cost $3,500 to take care of the ticket. White gave appellant a partial payment of $2,100. Several weeks later, White left Florida for Indiana. He left his checkbook with one signed check in appellant's possession. The check was later completed in the *906 amount of $1,650 and cashed by appellant. White missed a scheduled court appearance, and a warrant was issued for his arrest. When White telephoned appellant, he was informed that a public official required a $15,000 political contribution and that White owed $7,500. White sent appellant a money order for $1,000 and wired him an additional $6,500.
During cross-examination appellant's counsel elicited from White that he had confided in his wife concerning his DWI arrest. Counsel then made the point that his wife was not listed as a state's witness. The following morning the assistant state attorney announced that he wished to call Mrs. White as a witness. Appellant objected because her name was not furnished on the witness list. Following adjournment for lunch, the court held a hearing to consider whether to permit Mrs. White to testify. The assistant state attorney reported that until that morning the state had not talked to Mrs. White and did not know of her potential as a witness. She had been living in Indiana and had only come back to Florida to accompany her husband to the trial. Appellant's counsel stated that he had talked with Mrs. White during the lunch hour for about thirty minutes and that some of her testimony would be damaging to appellant. The court reasoned that the state had been somewhat neglectful for not listing Mrs. White as a witness but decided to permit her to testify. The court evidenced concern over the implication left with the jury that Mrs. White was an important witness that the state was not intending to call. Mrs. White's testimony that she received telephone calls from appellant urging her to tell Mr. White to send him $7,500 to fix the ticket was significant to the extent that it contradicted appellant's defense that White was simply repaying a loan.
The thrust of appellant's argument is that the court conducted an inadequate Richardson hearing because it failed to determine the prejudice accruing to the defense as a result of the failure to disclose Mrs. White's name on the witness list. We believe, however, that there was an adequate Richardson hearing. The record appears to reflect all of the available information on the subject which could have been developed. The failure to make formal findings concerning each of the pertinent Richardson considerations does not constitute reversible error. Ansley v. State, 302 So.2d 797 (Fla. 1st DCA 1974). The court's comment that it did not know whether Mrs. White's testimony would prejudice the appellant undoubtedly referred to substantive prejudice, whereas a Richardson inquiry is directed toward procedural prejudice. Wilcox v. State, 367 So.2d 1020 (Fla. 1979). The more serious question is whether, given the knowledge of all the circumstances, the court erred in permitting Mrs. White to testify.
The state can hardly be faulted for not having considered Mrs. White as a potential witness until such time as counsel's cross-examination prompted it to do so. By the time Mrs. White took the stand, appellant's attorney had already talked to her and found out what she was going to testify. Appellant's attorney did not request a continuance in order to take her deposition. Although counsel was deprived of the remote possibility of obtaining impeaching evidence concerning Mrs. White's reputation in the community for truth and veracity, this is always the case when one whose name was not on the witness list is permitted to testify.
Richardson, itself, recognizes that once there has been an adequate inquiry into all the surrounding circumstances, the trial court has discretion to determine whether the state's failure to list a witness caused harm or prejudice to the defendant. We cannot say that the court abused its discretion in permitting Mrs. White to testify.
AFFIRMED.
RYDER, J., concurs.
EVANS, VERNON W., Jr., Associate Judge, dissents with opinion.
*907 EVANS, VERNON W., Jr., Associate Judge, dissenting.
The Richardson hearing conducted by the trial court disclosed that during the presentation of the state's case the prosecutor learned that the wife of the principal complaining witness had evidence to offer in support of the state's case. He then called this witness and, of course, appellant objected and moved to exclude the witness for failure of the state to disclose the witness prior to trial, notwithstanding appellant's timely demand for witness disclosure. A Richardson-type hearing was conducted with the prosecutor admitting he had never spoken to the witness before trial and that he was unaware of her potential value as a witness. He argued that appellant's counsel had opened the door to calling this undisclosed witness because of the nature of appellant's cross-examination of the principal complaining witness, husband of the undisclosed witness. Appellant's counsel was allowed thirty minutes during a lunch recess to interview the witness and this occurred prior to the time the court held the Richardson hearing.
Appellant's counsel asserted prejudice in that he had not had an opportunity to depose the witness under oath and have such deposition transcribed, nor had he had an opportunity to question the witness about her background or to investigate the witness for truth and veracity in her community.
After hearing argument the trial judge concluded that the state should have notified the appellant of the existence of the witness and that the state should have taken her deposition. Additionally the trial judge stated that he didn't know why the state had not done so and at that juncture in the hearing the trial judge announced that he was going to allow the witness to testify and gave his reasons for this ruling.[1]
On the subject of prejudice to the appellant as a result of being confronted during the trial with an undisclosed witness, the trial judge stated that he did not know whether the witness' testimony would be prejudicial to the appellant but notwithstanding this allowed the witness to testify.[2]
The Richardson rule requires the trial judge in this situation to conduct an adequate hearing in order to determine at least three things: (1) whether the violation of discovery rules is willful or inadvertent; (2) whether the violation was trivial or substantial; (3) whether prejudice accrues to the defense as a result of failure to disclose.
The lower court failed to address the question of prejudice to the appellant in any meaningful way and indeed seems to have confused procedural prejudice which Richardson contemplates with the question of whether or not the witness' testimony would actually be prejudicial to appellant on the issues in the case. It can reasonably be assumed in most cases that the state would not offer the evidence if it was not prejudicial in the latter sense to the defendant on trial. Procedural prejudice, however, is another thing and deals with the ability of the defendant in a criminal case to have a fair opportunity to prepare for trial.
It is my understanding that it is the trial court's duty to make an adequate inquiry to determine whether the defendant in a criminal proceeding was harmed or prejudiced by the state's noncompliance and that the trial court's failure to do so requires a reversal unless the error is harmless. See Smith v. State, 372 So.2d 86 (Fla. 1979); Lightsey v. State, 350 So.2d 824 (Fla.2d *908 DCA 1977). In my opinion the statements of the trial judge noted in this opinion clearly disclose that an adequate hearing on the issue of prejudice which would permit an undisclosed witness to testify without sanctions was not conducted and the error was certainly not harmless. I would reverse for new trial.
NOTES
[1] THE COURT: "I am going to allow the witness only because of her absence and the fact that she sits in a motel room down here and is available, presumably, to come into this courtroom and testify, being only thirty minutes driving time or less from the courthouse, the jury is going to take a very suspicious and jaundiced viewpoint of the prosecution and may totally discredit everything that Mr. White has said."
[2] THE COURT: "I am not sure there is going to be any prejudice coming out of this. It depends on her testimony, how it shapes up and whatnot. You may find that her testimony is not prejudicial, it might even be beneficial to Defense."