461 So.2d 1385 (1984)
Johnny Morgan JOHNSON, Appellant,
v.
STATE of Florida, Appellee.
No. AX-160.
District Court of Appeal of Florida, First District.
December 26, 1984.
Rehearing Denied January 30, 1985.
*1386 Tyrie A. Boyer, Boyer, Tanzler & Boyer, Jacksonville, for appellant.
Jim Smith, Atty. Gen., and Barbara Ann Butler, Asst. Atty. Gen., for appellee.
NIMMONS, Judge.
In this appeal from a conviction of two counts of aggravated battery, the defendant contends, among other things, that the trial court erred in allowing the state to present, on rebuttal, evidence of an incriminating statement of the defendant, Johnny Morgan Johnson, which statement the state had not, prior to trial, disclosed to the defense in response to the defendant's demand for discovery. We affirm.
The subject knifings occurred at, of all places, a funeral home where a deceased relative of the defendant was lying in repose. Certain members of the Mitchell family, including the two alleged victims of the knifings, arrived at the funeral home. Hostile feelings had apparently existed between the Johnsons and Mitchells, both gypsy families, because of their engagement in competing businesses of fortune telling and palm reading. A fight broke out between a Johnson relative and one of the Mitchells. In the ensuing melee, Miller Mitchell, Jr., and Steve Mitchell were stabbed by, according to them and other Mitchell family members, the defendant. On the other hand, the defendant and several *1387 other members of the Johnson family testified that the Mitchells started the fight and that the defendant did not stab the Mitchell brothers.
Jacksonville police officer Wilmoth, the first of several police officers at the scene, observed mass confusion upon his arrival. He testified that he did not see the defendant in the crowd of people. The defendant was not arrested until about ten days later after Detective Eason, the lead detective in the case, secured an arrest warrant.
Early in the presentation of the case for the defense, defense counsel brought to the court's attention the fact that counsel had just been furnished with the state's additional response to demand for discovery advising the defense that the defendant had made a statement to Officer Britt admitting that he had stabbed Miller Mitchell, Jr. It seems that Britt was one of the back-up officers who reported to the scene. He was subpoenaed by the defense on December 13 to appear as a witness at the trial on December 14. His name had been included in the defense's second supplemental witness list filed on December 9. Britt's name had also been included in the state's August 29 response to the defense's discovery demand requesting the names of persons known to the prosecutor to have relevant information. However, the state's response to the defendant's request for disclosure of any statements made by the defendant was: "all statements brought out at depositions" and "any statements by accused on arrest and booking report." Officer Britt was not deposed by either side prior to trial, and no statement was reflected on the arrest and booking report.
The reason the defense intended to call Britt was to elicit the fact that Britt initially took the defendant into custody at the scene, that the defendant had no blood on him and that Britt released him.
Prior to Britt's being called to testify as a defense witness, the defense requested the court to conduct a Richardson[1] inquiry and to preclude the state from eliciting any testimony regarding the defendant's statement on the grounds that the state failed to timely inform the defense of such statement. Outside the jury's presence, the court inquired into the circumstances. In response to the court's question as to why the statement was not furnished earlier to the defense, the prosecutor explained that she had not known of such statement until that morning, December 14, that there had been no reference to such a statement in any of the police reports and that Britt, who was only one of several back-up officers at the scene, prepared no report in the case. The prosecutor further explained that she did not learn of the statement until that morning when Officer Britt came to her office to talk about the case inasmuch as he had received the defense subpoena the previous evening, December 13. Britt informed the prosecutor that during the time he had the defendant temporarily in his patrol car in "protective custody" on the night of the subject incident, the defendant admitted stabbing Miller Mitchell, Jr. The prosecutor informed the court that she immediately prepared and served the amended response to demand for discovery since she knew that the defense intended to call Britt as a witness. The prosecutor stated that she would not seek to introduce the defendant's statement unless the defense called Britt to testify. She felt that it would not be fair to the state if the jury were able to hear Britt's description of his encounter with the defendant without also hearing about the defendant's incriminating statement.
After the court's initial inquiry of the prosecuting attorney, the trial judge asked defense counsel to inform the court of any prejudice which the defendant would suffer as a result of the late disclosure of the statement. Defense counsel responded that it was unbelievable that the state did not know of the statement earlier. Counsel stated that he did not know how the officer advised the defendant of his rights and how the statement was obtained, that there were "all kinds of questions dealing *1388 with the Fifth Amendment" and that the admission of the statement would violate the rules of discovery. The trial judge again invited defense counsel to further specify any prejudice that the defendant would suffer as a result of the late disclosure. Counsel responded that they were prejudiced because they prepared their case without knowing of the statements, that "the prejudice is we couldn't move to suppress it," and that "it will be prejudicial for the jury to hear it." At no time during the Richardson inquiry was it suggested by defense counsel that his client denied making the subject statement.
At the conclusion of the inquiry, the trial judge announced that he was denying the defendant's motion to preclude the evidence of defendant's statement. The court stated that although there was a discovery violation by the late disclosure of the statement, it was not willful. He also stated that "the prejudice seems to be more procedural than substantive."[2] However, the court announced that there would be a recess for the purpose of affording defense counsel the opportunity of taking the depositions of Officer Britt and Detective Eason. Prior to the recess, defense counsel asked the court to call Officer Britt and inquire into the circumstances surrounding the statement. The request was denied.
When court reconvened after the depositions were taken, there was no suggestion by the defendant's attorney that the depositions revealed any additional facts or grounds in support of the defendant's effort to exclude the defendant's statement because of the discovery violation.[3] There was no indication by defense counsel that adequate time was not afforded to depose the two officers. Nor was there any suggestion by defense counsel that the deposition of the officers disclosed anything to indicate that the defense could or would have done anything different in preparing for trial or that the defense was otherwise prejudiced as a result of the tardy statement disclosure. And defense counsel did not indicate the need for any additional recess in order to properly meet this new evidence.
In fact, upon reconvening after the deposition recess, defense counsel requested that he be allowed to proffer, outside the jury's presence, the testimony of Officer Britt, defense counsel indicating to the court that such proffer would be proper "because of what we discovered in deposition." In granting defense counsel's request, the judge commented that he had felt that any prejudice resulting from the late disclosure of the statement could be overcome by recessing for the purpose of allowing counsel to depose the officers. But counsel's examination of Britt on proffer was limited essentially to: (1) eliciting the fact that Britt took the defendant into custody at the scene, that the defendant was released shortly thereafter, and that there was no blood on the defendant's clothes; and (2) eliciting the incriminating statement made by the defendant to Britt together with the Miranda warnings given by Britt and other circumstances relating to the voluntariness of the statement. Counsel asked no questions regarding what, if anything, Britt may have done in reporting the defendant's oral statement to any other official. During the proffer, defense counsel called no other witnesses nor was any suggestion made that the defendant had not made the statement.[4]
At the conclusion of the proffer, the only argument defense counsel made was his brief argument that the statement should be suppressed because it was taken "in violation of the defendant's constitutional rights and the Miranda decision." Nothing further was said about the tardiness of the *1389 statement's disclosure. The court denied the motion to suppress. The court did grant the defendant's request, without objection from the state, that Officer Britt's testimony, when presented by the defense before the jury, be limited to that part of his proffered testimony other than the defendant's statement and that any evidence regarding the statement would come in, if at all, on rebuttal by the state. That is what happened. Later on, when the state called Britt on rebuttal to testify regarding the defendant's statement, defense counsel interposed the objection that "there has never been furnished to us any rebuttal statement that they intend to use in this rebuttal." The objection was overruled.
The appellant strongly asserts that the trial court conducted an inadequate Richardson inquiry and suggests that the defendant was irreparably and substantially prejudiced by the tardy disclosure of the defendant's incriminating statement.
We believe the trial court's Richardson inquiry was adequate under the circumstances and that the judge's finding that the late disclosure of the defendant's statement was not a willful discovery violation is supported by the record.[5] We do have concern over the fact that the judge denied counsel's request for the court to call Officer Britt and inquire about the circumstances concerning the defendant's statement, presumably with respect to the question of willfulness as opposed to prejudice. However, the court afforded counsel the opportunity to depose Officer Britt. Defense counsel did indeed depose Britt during the recess, and thus had full opportunity to question Britt regarding all relevant matters. Moreover, as previously noted, counsel's subsequent request to question Britt on proffer outside the jury's presence was granted by the court. And at no time did counsel suggest to the court that anything elicited from Britt, either on deposition or proffer, bolstered the defendant's argument that the defendant's statement should be excluded because of its late disclosure.
With respect to the defendant's claim that he was substantially prejudiced by the late disclosure of the statement, we find the defendant's argument unpersuasive. In considering this question of prejudice, it must be recognized that the introduction of a defendant's incriminating statement is always "prejudicial" to an accused just as, presumably, any relevant and material evidence presented by the prosecution. That is not, of course, the kind of prejudice which is to be considered in a Richardson-type inquiry.[6] We, instead, are concerned with determining the extent to which, if any, the defendant will be prejudiced by the untimeliness of the disclosure of otherwise admissible evidence.
During the Richardson hearing, the prosecuting attorney asserted that the only prejudice which the defendant would suffer would be the same prejudice experienced by any accused who had given an incriminating *1390 statement. We recognize that the burden is on the party not in compliance with a discovery rule (in this case the state) to demonstrate that the other party will not suffer prejudice as a result of the failure to conform to such rule. Cumbie v. State, 345 So.2d 1061 (Fla. 1977), Lavigne v. State, 349 So.2d 178 (Fla. 1st DCA 1977). Neither the state nor the court was able to identify any prejudice which would result to the defendant by the late disclosure. As a practical matter, in this case only the defense counsel was in a position to identify for the trial judge any prejudice which would befall the defendant. That is, of course, why, in this kind of case, it is quite reasonable for the trial court, at some point during the Richardson inquiry, to invite defense counsel to indicate how the defendant will be prejudiced by the fact that the otherwise admissible statement was disclosed in an untimely manner. The trial court in the instant case made reasonable efforts to determine how the defendant would be prejudiced. Defense counsel was simply unable to indicate any prejudice of the kind that would entitle the defendant to an order excluding such relevant and material evidence.
Defense counsel's concerns articulated during the Richardson hearing, as we earlier noted, the counsel did not know how Officer Britt advised the defendant of his rights and that Fifth Amendment questions were implicated were adequately accommodated by the "voluntariness" hearing which the court conducted in the jury's absence. There are a variety of scenarios which might have occurred which would have demonstrated the kind of prejudice supporting the defendant's motion to exclude the statement. For example, if a defendant, under these circumstances, claimed that the statement was exacted from him by threats or promises and that the late disclosure jeopardized the defendant's opportunity to secure the presence of others who might have been present and heard such threats, such a defendant might very well be entitled to have such statement excluded. Or, if a defendant were to claim that he was under the influence of prescription medication to the extent of rendering him incapable of making a voluntary statement, he might be able to show prejudice by the late disclosure if he were unable, on such short notice, to secure the attendance and production of witnesses and documents in support of his claim.
Defense counsel's assertion, during the Richardson inquiry, that the defense was prejudiced because they prepared their case without knowing of the statement is too broad and conclusory to entitle the defendant to exclusion of the statement. As in the examples indicated in the preceding paragraph, it is not difficult to imagine circumstances in which a defendant might well be prejudiced because of the manner in which his case was prepared. However, there is virtually no way for the court or state to be aware of the peculiar manner in which the late disclosure will adversely affect the defendant's case without counsel's articulating the same. That, we think, is not too much to expect of a defendant who is seeking to exclude highly relevant and material evidence because of a discovery rule violation.
Recognizing that a trial is, fundamentally, a means for arriving at the truth, we should not lightly sanction the exclusion of admissible evidence on account of untimely compliance with discovery rules. We recently spoke to a related situation in Austin v. State, 461 So.2d 1380 (Fla. 1st DCA 1984), in which we reversed the trial court's exclusion of certain defense witnesses by reason of the untimely disclosure of such witnesses by the defense:
In a system in which the search for truth is the principal goal, the severe sanction of witness exclusion for failure to timely comply with the rules of procedure should be a last resort and reserved for extreme or aggravated circumstances, particularly when the excluded testimony relates to critical issues or facts and the testimony is not cumulative. We are not unsympathetic with the plight of the trial judge who must deal with the all-too-frequent *1391 eleventh hour revelations of new evidence and witnesses and the inevitable last minute objections and motions in limine based upon procedural rules violations. The trial judge must be accorded considerable latitude in handling these situations as the exigencies of each case may suggest.
We find that the trial court did not err in denying the defendant's motion to exclude the defendant's statement and his motion for mistrial based thereon.
We have examined the remaining points urged by appellant and find them to be without merit.
AFFIRMED.
JOANOS and WIGGINTON, JJ., concur.
NOTES
[1] Richardson v. State, 246 So.2d 771 (Fla. 1971).
[2] When this remark is considered along with the other comments by the trial court during and after the Richardson inquiry, it is apparent that the court found that the defendant would not be prejudiced by the untimeliness of the statement's disclosure.
[3] The depositions are not a part of the record before this court.
[4] Not until the defendant took the stand and testified before the jury was there any indication that he denied making the statement.
[5] There could be a question as to whether the defendant was entitled to assert a discovery violation at all in this case. In response to the defendant's demand for disclosure of statements of the defendant, the state did not, as in other cases such as Cumbie v. State, 345 So.2d 1061 (Fla. 1977), respond that there were none. Instead, the state's response, as earlier noted in this opinion, was: "all statements brought out at depositions" and "any statements by accused on arrest and booking report." In view of the relatively early date of the filing and service of the state's response, it would appear that the state was referring to depositions yet to be taken. One could certainly take the position that the state's response was tantamount to no response inasmuch as the defense, under the discovery rules, is entitled to have the state identify any of the defendant's statements without regard to depositions which may be taken. And, therefore, the defendant who acquiesces in either no answer or a non-responsive answer, in lieu of seeking an order requiring a proper response, does so at his peril. However, the state has not attempted to assert such a position, either in this or the lower court, and we, therefore, do not decide that question.
[6] Theoretically, we assume there could be situations where late-disclosed evidence sought to be used by the state might be so innocuous as not to be damaging to the defendant. That kind of "non-prejudice" might then be a factor in sustaining a trial court's allowance of the evidence notwithstanding the discovery violation.