461 So.2d 1384 (1984)
Lee Albert FEDD, Appellant,
v.
STATE of Florida, Appellee.
No. AY-241.
District Court of Appeal of Florida, First District.
December 28, 1984.
J. Craig Williams, Williams & Stapp, P.A., Jacksonville, for appellant.
Jim Smith, Atty. Gen. and John W. Tiedemann, Asst. Atty. Gen., Tallahassee, for appellee.
JOANOS, Judge.
This is an appeal from a conviction on charges of burglary with a firearm, armed robbery, and attempted murder. Appellant raises five points for review, only one of which has merit. We reverse for new trial on point one, and affirm as to the other points raised in this appeal.
In his first point on appeal, appellant alleges the trial court erred in excluding the testimony of his alibi witnesses. The record reflects that in its statement of particulars, the state demanded written notice of any alibi defense that might be asserted at trial.
Approximately three months before trial, the defense filed reciprocal discovery, listing the names and witnesses at trial. One month after receipt of the names of defense witnesses, the state was granted a continuance on the ground that it had been unable to depose the defense witnesses. Nine days later, the defense filed a supplemental discovery response listing names and addresses of two additional defense witnesses.
Despite the continuance, the state did not depose the defense witnesses. During the course of the trial the prosecutor determined that the defense witnesses might be alibi witnesses. Since the defense had not filed a written notice of alibi, the prosecutor objected to the admission of testimony of these witnesses. The trial court accepted the defense testimony on proffer, and then ruled that although defense counsel had inadvertently violated the rule requiring notice to the state of intent to claim an *1385 alibi defense,[1] no testimony which could establish an alibi defense would be admitted.
Florida Rule of Criminal Procedure 3.200 provides in part that a criminal defendant "who intends to offer evidence of an alibi in his defense shall ... file and serve ... a notice in writing" upon the written demand of the prosecuting attorney. In the event such alibi notice is not served, "the court may exclude evidence offered by such defendant for the purpose of providing an alibi, except the testimony of the defendant himself." A similar sanction may be imposed upon the prosecution for failure to file or serve a list of witnesses on the defendant. Exclusion is not mandatory  "[f]or good cause shown the court may waive the requirements of this rule." The rule was not intended for suppression of evidence. A trial is a quest for truth, and "[i]n a system in which the search for truth is the principal goal, the severe sanction of witness exclusion for failure to timely comply with the rules of procedure should be a last resort and reserved for extreme or aggravated circumstances." Austin v. State, 461 So.2d 1380 (Fla. 1st DCA 1984). See also: Johnson v. State, 461 So.2d 1385 (Fla. 1st DCA 1984). A trial judge must do more than simply ascertain that a discovery rule has been violated. The inquiry must involve a determination of whether the violation resulted in substantial prejudice to the opposing party. A failure to conduct such an inquiry constitutes error. Bradford v. State, 278 So.2d 624 (Fla. 1973); Richardson v. State, 246 So.2d 771 (Fla. 1971).
This record demonstrates that the trial court excluded the testimony of appellant's witnesses solely because defense counsel had violated the notice of alibi rule. The trial court did not inquire into the possible prejudice to the state if the witnesses were permitted to testify, nor did the trial court explore reasonable alternatives to the drastic remedy of exclusion, in an effort to mitigate any possible prejudice.
We adopt the reasoning of the Fifth District in Briseno v. State, 449 So.2d 312 (Fla. 5th DCA 1984), on this issue. In Briseno, as in this case, the trial court excluded the testimony of an alibi witness who had been listed as a witness for the defense. Since the state had not been notified of alibi pursuant to Rule 3.200, the trial court in Briseno, like the trial court here, excluded the testimony of the alibi witness because of the rule violation. The Fifth District reversed, holding that "the court's inquiry should have considered whether the discovery violation surprised the state in preparing for trial, and if so, whether reasonable means could have been employed to overcome such disadvantage without resorting to the drastic measure of excluding evidence." Id., 313.
The convictions are reversed on appellant's point one and the case is remanded for a new trial.
WIGGINTON and NIMMONS, JJ., concur.
NOTES
[1] Fla.R.Crim.P. 3.200.