461 So.2d 1376 (1985)
Michael Clifford WILKERSON, Appellant,
v.
STATE of Florida, Appellee.
No. AU-447.
District Court of Appeal of Florida, First District.
January 16, 1985.
*1377 Terry P. Lewis, Sp. Asst. Public Defender, Tallahassee, for appellant.
David P. Gauldin, Asst. Atty. Gen., Tallahassee, for appellee.
SMITH, Judge.
Wilkerson appeals his convictions for burglary while armed and grand theft of a firearm, as charged, urging that the trial court abused its discretion in excluding the testimony of two of his defense witnesses whose names had been tardily supplied to the state after docket sounding. We agree and reverse.
A gun was stolen from the home of John Bradley on February 7, 1983, between the hours of 4:00 P.M. and 8:00 P.M. Later that evening, appellant sold a gun to Daryl Mathis for $100. Mathis became concerned that the gun might be stolen property and called the sheriff's office. The gun was identified as the one stolen from Bradley's home.
The dates on which certain pretrial events occurred are significant. Appellant moved for discovery, the state responded on April 29, 1983, and on the same date, the state made a reciprocal demand for discovery. Appellant did not provide the state with a reciprocal witness list within seven days after receipt of the state's witness list as is required by Rule 3.220(b)(3), Florida Rules of Criminal Procedure. The docket was sounded on June 13, 1983, and trial was set for June 30, 1983. Appellant's counsel served his witness list containing *1378 the names and addresses of the excluded witnesses, on June 16, 1983, and filed the list with the clerk on June 17, 1983, nearly two weeks before the scheduled trial date.
On June 16, 1983, defense counsel interviewed appellant's brother and sister-inlaw, David and Cindy Wilkerson. The state had been notified that David and Cindy would be present in defense counsel's office and available for interrogation or deposition on June 16. The state took no action pursuant to this notification. On June 17, 1983, appellant filed his reciprocal response to discovery listing David and Cindy as defense witnesses, as well as John Sheppard. However, in a telephone conversation, on or about June 16 or 17, defense counsel told the assistant state attorney that he "probably" would not be calling David and Cindy to testify at the trial. On June 21, 1983, appellant filed a supplemental response to discovery listing Andy Wilkerson, another brother, as a defense witness.
Appellant's defense was that he had gotten the gun from John Sheppard and that he sold it to Mathis for Sheppard. After the state rested, defense counsel indicated his intention to call David and Cindy Wilkerson as witnesses. The assistant state attorney objected on the grounds that he had been told that these witnesses would not be called and therefore he had not deposed them. Defense counsel responded that he had listed the two as witnesses in his reciprocal response to discovery and that he had made them available to the state for deposition. He admitted that he had told the assistant state attorney that he "probably" would not call them, but stated he changed his mind the morning of the trial when he determined David would be a partial alibi witness since he had worked with appellant all day on February 7, and was with appellant until about 6:00 or 6:30 P.M. that evening.[1] Moreover, defense counsel also proffered testimony from the two that appellant was at home with them on the evening of February 7, when John Sheppard came to the house and asked appellant if appellant knew where he could get rid of a gun, after which appellant and Sheppard left the house. The court refused to permit David and Cindy's testimony because appellant's reciprocal response to discovery, filed after docket sounding, was untimely and on the further ground that the testimony was irrelevant.
Andy Wilkerson was permitted to testify. He stated that he was at his girl friend's house at approximately 7:00 or 8:00 P.M. the evening of February 7, 1983, when appellant and Shepard came by. Sheppard inquired if Andy knew where he could get rid of a gun. Andy told Sheppard "no," and Sheppard then asked Andy to drive him and appellant to Daryl Mathis' house. When they got there, appellant sold the gun to Mathis.
On rebuttal, the state called Sheppard as a witness over defense counsel's objection that Sheppard had not been listed on the state's response to discovery. After an inquiry, the trial court permitted Sheppard to testify, ruling that since Sheppard had been listed as a defense witness there was no surprise to the defense, and therefore prejudice had not been shown. Sheppard testified that he knew the appellant, but he denied approaching appellant on February 7 concerning the sale of a gun. The jury returned a verdict finding appellant guilty as charged.
Initially, appellant complains that the trial court failed to conduct an adequate "Richardson" inquiry into the reasons for his untimely response to the state's demand for discovery and the resulting prejudice to the state or lack thereof. Richardson v. State, 246 So.2d 771 (Fla. 1971). However, our examination of the record reveals that the trial court did conduct an inquiry into whether the failure to comply with Rule 3.220(b)(4) was willful, negligent or inadvertent; whether the violation was trivial or substantial; and *1379 whether there was prejudice to the state as a result of the violation. The court's failure to call the inquiry a "Richardson" hearing or to make formal findings concerning each of the pertinent Richardson considerations does not constitute reversible error. Baker v. State, 438 So.2d 905 (Fla. 2d DCA 1983); and Ansley v. State, 302 So.2d 797 (Fla. 1st DCA 1974).
Next, we address the question of whether the trial court abused its discretion in imposing the extreme sanction of exclusion of David and Andy's testimony on the grounds that the State was prejudiced by appellant's response to discovery after docket sounding.
We recognize that a ruling on whether a discovery violation calls for the exclusion of testimony is discretionary, and should not be disturbed on appeal unless an abuse is clearly shown. Mobley v. State, 327 So.2d 900 (Fla. 3d DCA 1976). However, it is also true that exclusion is an extreme remedy which should be invoked only under the most compelling circumstances. Williams v. State, 264 So.2d 106 (Fla. 4th DCA 1972). As recently stated by this court, in Austin v. State, 461 So.2d 1380 (Fla. 1st DCA 1984): "[T]he severe sanction of witness exclusion for failure to timely comply with the rules of procedure should be a last resort and reserved for extreme or aggravated circumstances, ..." See, also, Fedd v. State, 461 So.2d 1384 (Fla. 1st DCA 1984); Johnson v. State, 461 So.2d 1385 (Fla. 1st DCA 1984). Relevant evidence should not be excluded from the jury unless no other remedy suffices, and it is incumbent upon the trial court to conduct an adequate inquiry to determine whether other reasonable alternatives can be employed to overcome or mitigate any possible prejudice. Austin, Fedd, Johnson, supra; Jones v. State, 360 So.2d 1293, 1297 (Fla. 3d DCA 1978).
In this case, the trial court did not adequately explore other avenues to rectify the prejudice to the state, such as ordering a recess or continuance, although specifically requested by the defense. The assistant state attorney's argument that a recess to enable him to depose the witnesses would not solve the prejudice since he would still be deprived of the possibility of obtaining impeachment evidence concerning David and Cindy is unavailing since this is always the case when one whose name was not on the witness list is permitted to testify. Baker v. State, 438 So.2d at 906.
We have no doubt that the testimony of David and Cindy was relevant to appellant's defense since their testimony would have corroborated appellant's testimony that it was Sheppard who approached appellant with a gun in an effort to obtain a buyer, and that appellant merely negotiated the sale of the gun to Mathis since Sheppard did not know Mathis well. Appellant, who was charged with a serious crime and is subject to the loss of his personal liberty, is entitled to produce evidence material to his case.
We emphasize here that the trial court's exclusion ruling was not accomplished by a finding of prejudice to the state's ability to prepare for trial. Further, the record affirmatively discloses that any detriment to the state was at least in part self-inflicted, since the two witnesses were disclosed, and the state simply chose not to depose or even interview them, even after notice of their availability for that purpose was given by defense counsel. The fact that defense counsel later stated his intention not to call these witnesses may indeed have influenced the state's choice in this instance, but it did not preclude the state from exercising the option to depose them if desired. The state's approach to the matter is further indicated by the state's refusal to cross-examine the witnesses during the proffer of their testimony.
We note also that the state does not contend, and we find no suggestion in the record, that pretrial knowledge that the excluded witnesses would be called by the defense would have changed the prosecution's case against appellant. Their testimony would not have altered the nature of appellant's defense  that John Sheppard brought the gun to him and asked his assistance in selling it. The state was already *1380 aware of this defense through its own witnesses, Deputy Sheriff Don Denton and John Sheppard himself, who was called in rebuttal by the state.
Given all the facts and circumstances in this case, we conclude that the trial court abused its discretion in imposing the extreme sanction of the exclusion of David and Cindy's testimony. Moreover, we find that this error was not harmless since it is possible that the testimony of appellant's witnesses could have produced a reasonable doubt in the minds of the jurors sufficient to tip the scales in favor of acquittal.
Finally, we find no error in the trial court's ruling permitting John Sheppard to testify over appellant's objection that his name was not listed on the state's response to discovery. See generally, Holman v. State, 347 So.2d 832 (Fla. 3d DCA 1977); Mobley v. State, supra; Ramirez v. State, 241 So.2d 744 (Fla. 4th DCA 1970); and Buttler v. State, 238 So.2d 313 (Fla. 3d DCA 1970).
REVERSED and REMANDED for new trial.
MILLS and NIMMONS, JJ., concur.
NOTES
[1] We are not concerned with a violation of Rule 3.200, Florida Rules of Criminal Procedure, which requires notice of intent to use alibi witnesses, because the prosecution did not make a written demand upon the defense requesting this information.