ERVIN, Judge.
Brown appeals judgments and sentences of three years imprisonment imposed following trial by jury arising from two counts of DUI/manslaughter. He raises numerous points on appeal for reversal. We affirm as to all points raised, but find that the nature of the case requires us only to address three issues.
Appellant first contends the trial court erred in allowing one Charlie Johnson, a store owner with a Bachelor of Science degree in Criminal Justice, to testify as an expert witness on the effects of alcohol upon the human body. Appellant argues that Johnson does not have the qualifications to testify as an expert witness. This point is without merit. Although Johnson’s present occupation is that of a store owner, previously he had been employed as a highway patrol trooper for 27 years, and presently serves as a breathalyzer and intoxilyzer instructor at Pensacola Junior College, having 60 hours of breathalyzer training at the Florida Highway Patrol Academy. Moreover, during his training and education, he has studied the effects of alcohol on the human body. The Florida Evidence Code, specifically Section 90.702, Florida Statutes, permits a witness to qualify as an expert “by knowledge, skill, experience, training, or education....” Additionally, in Florida, a witness may qualify as an expert by reason of his study of authoritative sources without any particular experience involving the subject matter. Seaboard Air Line Railroad Co. v. Lake Region Packing Association, 211 So.2d 25 (Fla. 4th DCA 1968); Kelly v. Kinsey, 362 So.2d 402, 404 (Fla. 1st DCA 1978). Clearly Johnson’s educational experience in the field qualifies him as an expert.
Appellant also urges that the court should have stricken Johnson’s references to certain scientific inebriation tests which he conducted with his students on the ground that the tests had not gained general acceptance by experts in the field. In Florida, the determination of an issue concerning a subject matter’s general acceptance by the relevant scientific community is generally a discretionary call by the trial court and is subject to the abuse of discretion standard. See Coppolino v. *611 State, 223 So.2d 68, 70 (Fla. 2d DCA 1968), appeal dismissed, 234 So.2d 120 (Fla.1969). In the case at bar we agree that the references to the tests should not have been admitted because there was no showing of any controlled circumstances during the testing procedure or of the reliability of the tests. Nevertheless, the expert’s opinion that anyone with a .10 percent blood alcohol level, or above, would be deprived of the full possession of his normal faculties, was not based solely upon scientific tests and experiments, but also upon the witness’s education and research of the subject matter. Finally, even if we should agree that the trial court erred in allowing the introduction of such testimony, because it was based in part on unreliable scientific experiments, the alleged error was harmless due to the overwhelming evidence relating to appellant’s intoxication at the time of the accident. Such evidence included testimony by another qualified witness that appellant had a .18 percent blood alcohol level in his system at the time of the accident, the officers’ personal observations of appellant at the accident scene regarding his intoxicated state, and a videotape of appellant’s condition taken several hours after the accident, as well as the testimony of a witness regarding appellant’s condition at a tavern where he had been seen drinking before the collision.
Appellant next argues that the trial court erred in allowing Trooper Lynch to offer an expert opinion as to the speed appellant’s vehicle was traveling just before it rear-ended the decedents’ automobile. The trooper based his opinion upon the extent of the crush damage sustained by both vehicles after the initial impact, and upon the distances the cars thereafter moved. He admitted that he was a homicide investigator rather than an accident reconstruc-tionist. The state, however, contended that the trooper had the necessary expertise to testify, based upon his three years of experience as a homicide investigator, including forty hours of training in the field, and eighty hours of advanced investigation training at the Florida Highway Patrol Academy under the tutelage of University of Miami Professor Fogerty, a generally acknowledged expert on the subject. The issue before us, however, does not go so much to the witness’s qualification by reason of his educational background, but rather the faulty premises on which he based his opinion.
We agree with appellant that the trial court erred in allowing Trooper Lynch’s opinion as to the speed of appellant’s vehicle at the time of the accident, but conclude that such error can only be considered harmless. As stated in Delta Rent-A-Car, Inc. v. Rihl, 218 So.2d 469 (Fla. 4th DCA 1969), a witness may not be permitted to testify as an expert as to the speed of a vehicle if he is unable to base his opinion upon certain factors, including, but not limited to, the weight of appellant’s vehicle and its occupants, the weight of the vehicle with which appellant’s vehicle collided, the condition of the paved surface of the road where the accident occurred, and its coefficient of friction. Nevertheless, we conclude, as did Delta Rent-A-Car, that the trooper’s lack of expertise to offer such testimony was harmless since the speed of the vehicle is not an essential element of the offense with which appellant was charged. Under Section 316.1931, Florida Statutes, proscribing the driving of an automobile by one while in an intoxicated condition, there is no requirement that such person operate the vehicle in excess of legally posted speeds. Moreover, as observed under the prior point addressed, there was overwhelming evidence of appellant’s operation of the vehicle while in an intoxicated condition.
Appellant also argues that the trial court erred in not conducting an adequate Richardson inquiry (Richardson v. State, 246 So.2d 771 (Fla.1971)), before excluding the testimony of a rebuttal witness. Appellant’s argument does not take into account the fact that appellant requested the court to allow him to present the rebuttal testimony after both appellant and appellee had rested their cases. Appellant offered the rebuttal testimony for the purpose of impeaching a state witness who had testified as to appellant’s inebriated condition while at a bar some time before *612 the accident. The court declined to reopen the case, and we agree with appellant that the limited questions asked by the court did not comply with Richardson — if Richardson were deemed to be applicable. Although the failure to conduct a Richardson examination has been held to be not subject to the harmless error rule, and is reversible as a matter of law, Cumbie v. State, 345 So.2d 1061 (Fla.1977); Hall v. State, 477 So.2d 572 (Fla. 4th DCA 1985), and any such examination should “explore reasonable alternatives to the drastic remedy of [witness] exclusion, in an effort to mitigate any possible prejudice”, Fedd v. State, 461 So.2d 1384, 1385 (Fla. 1st DCA 1985); Wilkerson v. State, 461 So.2d 1376, 1379 (Fla. 1st DCA 1985), we do not regard a per se rule of reversal required under circumstances in which a party sought to reopen the evidence after it had rested. Instead, our standard of review is whether the trial court’s refusal to allow further testimony can be considered an abuse of discretion. Sylvia v. State, 210 So.2d 286 (Fla. 3d DCA), cert. denied, 393 U.S. 981, 89 S.Ct. 452, 21 L.Ed.2d 442 (1968). The court may in fact permit the case to be reopened on a proper showing of inadvertence or other cause, Barry v. Walker, 103 Fla. 533, 137 So. 711 (1931); Wilson v. Johnson, 51 Fla. 370, 41 So. 395 (1906), and it must do so where refusal would defeat the ends of justice. Steffanos v. State, 80 Fla. 309, 86 So. 204 (1920). We are called upon then to determine, not whether the failure of the trial court to conduct an adequate Richardson inquiry, before exercising its discretion to exclude a witness, is per se reversible error, but whether, under the circumstances, the refusal to permit the reopening of appellant’s case for the purpose of calling a rebuttal witness can be considered an abuse of discretion. In our judgment the lower court’s action was not an abuse of discretion.
It does not appear from the record that the requested witness had been sequestered during the presentation of the evidence. Moreover, the purpose of eliciting the additional testimony was to rebut the testimony of the state’s witness, an employee at a bar, who had testified that he had seen appellant in an intoxicated condition at the bar before the accident. The purported impeachment testimony would have disclosed that the employee himself was a heavy drinker, thereby impairing his ability to so opine. The court declined to allow such testimony on the ground that the employee’s name was provided to appellant on its witness list, and an opportunity afforded to appellant before trial to discover the gist of his testimony; therefore, if the appellant had diligently exercised such opportunity and adequately prepared his defense, he could no doubt have provided timely notice to the state of any witness he wished to offer in rebuttal. As in Sylvia v. State, 210 So.2d 286 at 289, “It is apparent that the trial court exercised due diligence in determining what the additional evidence would disclose, and determined that it was something that could have been discovered prior to trial.” We similarly find no error in the trial court’s refusal in the case at bar to reopen the evidence.
We have examined the remaining points raised by appellant and find them without merit.
AFFIRMED.
SHIVERS and JOANOS, JJ., concur.