WENTWORTH, Judge.
Appellant seeks review of a judgment of conviction on a charge of manslaughter by intoxication under section 316.1931(2)(c), Florida Statutes (1985). He contends the trial court erred in denying his ore tenus motion to suppress blood samples and tests derived therefrom based on the state’s alleged failure to comply with proper procedures in drawing the blood, and in admitting testimony as to the speed of appellant’s vehicle. We find the blood was properly drawn for dual medical and law enforcement purposes and that test results derived from the blood samples were properly admitted at trial. Although the court erred in admitting lay testimony as to the speed of appellant’s vehicle, that error was harmless in the context of this case. We therefore affirm.
The charge arose from an August 28, 1986 two-car accident. The sole eyewitnesses to the collision were appellant and the decedent driver of the other vehicle. Appellant was taken to a hospital where blood was taken by a medical technologist, Brian Goley. Goley testified that the blood drawn was placed in four vials, two of which were required immediately for medical purposes, while the other two were drawn in anticipation of law enforcement requests. Two of the vials were given to Trooper E.L. McNeil at his request, which had been radioed from the scene of the collision.
McNeil testified that he took photos at the scene of the collision, showing point of impact, gouge marks in the roadway, and resting position of appellant’s vehicle approximately 211 feet from impact, against a power pole. McNeil estimated appellant’s speed was in excess of 80 miles per hour based on factors such as damage, distance after impact, and weight of vehicles. Glenn Wilsey, a resident of a house located approximately 100 feet from the highway on which the collision occurred, testified that he was inside his house and heard a car pass by at a “very high rate of speed.” Wilsey stated the car was traveling so fast he didn’t hear it approach and, about two seconds after it passed his house, he heard the impact of the collision. Following a jury trial, appellant was convicted of manslaughter by intoxication and sentenced to six years’ incarceration to be followed by nine years’ probation. Appellant filed a motion for reduction of sentence. The court denied the motion.
Section 316.1933, Florida Statutes (1985), provides as to a blood test for intoxication in cases of death or serious bodily injury that:
*88 (2)(a) Only a physician, certified paramedic who is present at the scene of an accident for the purpose of rendering emergency medical service or treatment, registered nurse, licensed practical nurse, or duly licensed clinical laboratory technologist or clinical laboratory technician, acting at the request of a law enforcement officer, may withdraw blood for the purpose of determining the alcoholic content thereof or the presence of chemical substances or controlled substances therein. However, the failure of a law enforcement officer to request the withdrawal of blood shall not affect the admissibility of a test of blood withdrawn for medical purposes.
Testimony by medical technologist Brian Goley indicated that four vials of blood were drawn for medical purposes and in anticipation of a request by law enforcement officials. Under the above section, the blood was properly withdrawn, and the test results derived from the samples were admissible.
Testimony by lay witness Glenn Wilsey indicating that he heard appellant’s vehicle pass by his home at a very high rate of speed was improperly admitted. An opinion as to the speed of a vehicle should be predicated on certain identified factors, such as weight of the respective vehicles involved, road condition, and the coefficient of friction. Brown v. State, 477 So.2d 609 (Fla. 1st DCA 1985). And testimony of a lay witness may be in the form of opinion or inference only when special knowledge, experience, skill or training is not required. Section 90.701, Florida Statutes. However, because the speed of a vehicle is not an essential element of the offense of manslaughter by intoxication, the error in this case was harmless. See Brown, supra.
The order is affirmed.
ERVIN and ZEHMER, JJ., concur.