STEVENSON, Judge.
Angelique Mondo was charged with aggravated battery and tried by jury. She was convicted of the lesser included offense of simple battery and sentenced to serve 364 days in jail. We reverse because the trial court erred in failing to conduct a Richardson hearing into the state’s discovery violation. Richardson v. State, 246 So.2d 771 (Fla.1971).
The facts are neither complicated nor lengthy. On September 3, 1993, Angelique Mondo and her boyfriend, Brian Schleimer, went to a bar together. At about 9:00 p.m., Mondo left, but Schleimer decided to stay at the bar. Approximately an hour later, Mon-do returned to the bar. Apparently, Schleimer had forgotten to give her the key to the house. According to the testimony of the bar owner and Schleimer, Mondo slapped Schleimer in the face and threw beer, at him. She then hit him on the side of the head with the beer mug; and when he turned his face, she clipped him on the nose with the broken handle of the mug.
Mondo, however, testified differently. She stated that when she returned to the bar, Schleimer grabbed her wrist and started beating her arm against the bar. She then hit him over the head to get away from him. She denied that she ever slapped him or cut his face. Mondo claimed self-defense.
At trial, Deputy Matthews testified that after he interviewed other witnesses concerning the incident between Mondo and her *1233 boyfriend, he went over to speak with Mon-do. He testified that Mondo “was more interested in arguing and telling me who she was, and I didn’t know who she was and I would be sorry for this”. At this point in his testimony, Mondo’s attorney objected. He indicated to the trial court that the state never mentioned the above statements in its notice of discovery. Defense counsel argued that the state’s notice of discovery, only mentioned that Mondo made a statement to Deputy Keisel in which she “denied everything”. The trial court dismissed the jury, and the following dialogue took place between the court and the attorneys:
[defense]: The [state] indicated that any statements of the accused were made to witness number two, who on the witness list is Deputy Keesel [sic]. And that— those are the only statements which the state indicated in their answer to discovery that the accused had made.
[state]: Your Honor, I believe that his answer is going to be that she denied everything and would not talk with Deputy Matthews.
[court]: Why are you going into all this?
[state]: Well there has been a defense that goes to the fact that she was grabbed and self-defense. I mean she didn’t make any report to Deputy Matthews. That would be the only reason I would ask that question.
[defense]: If they are offering it for purposes of a statement something affirmative in that respect, her denial in fact is a statement in some way as opposed to maybe interpreting it as a ...
[court]: Well I mean the discovery did say she did make a statement on 9/23. It said she made it to another deputy and denied everything. I think you know there is a statement.
[defense]: That’s correct, Your Honor, it’s just as to which witness is going to be allowed to elicit it.
[court]: The purpose of discovery is not a booby-trap. I mean you are on notice that the statement was made and did you depose these witnesses?
[defense]: Judge, I spoke with both of these witnesses. I spoke with Deputy Matthews over the telephone, I spoke with Deputy Keesel [sic] in person. However, as to the answer to discovery, it says as to witness two, if they want to attempt to elicit this from Deputy Kee-sel [sic], then they are free to call him, but as far as—
[court]: Actually all they have to do is say yes, they don’t even have to say to whom it was made. But I think that as far as discovery is concerned that it is written yes there was a statement. They went on to say it was made to witness two. Alright, bring the jury back. I’m going to overrule the objection and allow the question.
The state claims that the dialogue was in fact a Richardson hearing. We find the true nature of the dialogue to be unclear; however, it does appear that the trial court overruled Mondo’s objection that a discovery violation even occurred. On appeal, the state concedes that there was a “technical discovery violation”. However, the state asserts that the trial court found Mondo was not prejudiced by the violation after a “brief but adequate Richardson hearing.” We agree that the inquiry was brief, but cannot agree that it was adequate.
Initially, the trial court was incorrect in finding that the state was required to divulge that Mondo made a statement, but that it did not have to say to whom the statement was made. See Fla.R.Crim.P. 3.220(b)(1)(C) (the prosecutor shall disclose to defense counsel any written or recorded statements and the substance of any oral statements made by the accused ... together with the name and address of each witness to the statements) (emphasis added). The trial court also seems to have misunderstood that the statement listed in discovery was different from the statement disclosed at trial. The notice of discovery stated that Mon-do spoke with Deputy Keisel and denied everything. At trial, Deputy Matthews testified, and the substance of his testimony concerned Mondo’s arrogance and combativeness while discussing the case. The state candidly admitted that its purpose in seeking to admit this testimony was to cast doubt on *1234 Mondo’s claim of self-defense. Even though Mondo’s attorney spoke with both witnesses, he apparently was never informed that Mon-do had made a statement to Deputy Matthews. The state’s failure to so inform Mon-do’s attorney constituted a discovery violation.
We agree that a trial court is under no duty to affirmatively label its discovery violation inquiry a “Richardson hearing.” See Wilkerson v. State, 461 So.2d 1376, 1379 (Fla. 1st DCA 1985) (a trial court’s failure to call its inquiry a “Richardson hearing” or to make formal findings concerning each of the pertinent Richardson considerations does not constitute reversible error). However, when determining whether the state has failed to comply with discovery requirements, the trial court has a duty to first make an adequate inquiry into all of the surrounding circumstances concerning the violation. Richardson, 246 So.2d at 775. That inquiry should at least cover the inadvertence or willfulness of the state’s violation, whether the violation was trivial or substantial, and the effect the violation had on the defendant’s ability to properly prepare for trial. Id.; see also Raffone v. State, 483 So.2d 761 (Fla. 4th DCA 1986), dismissed, 491 So.2d 281 (Fla.1986). If after considering the circumstances concerning the violation, the trial court finds that the defendant has not been prejudiced by the state’s noncompliance, the trial court should affirmatively state its reasons in the record. Richardson, 246 So.2d at 775; But see Ansley v. State, 302 So.2d 797 (Fla. 1st DCA 1974) (stating that it is harmless error if a trial court does not dictate a specific finding into the record).
We conclude that the requirements of Richardson were not met by the dialogue in the present case. Having erroneously found that no discovery violation occurred in the first place, the trial court’s inquiry into whether Mondo was prejudiced by the violation was cursory at best. Noticably absent from the trial court’s dialogue was any meaningful inquiry into the impact of the discovery violation upon Mondo’s ability to prepare for trial. Failure to conduct a Richardson hearing requires reversal without regard to the harmless error rule. Brown v. State, 515 So.2d 211 (Fla.1987).
Accordingly, we reverse and remand for a new trial.
DELL, C.J., and GUNTHER, J., concur.