SCHEB, Chief Judge.
The State seeks a writ of common law certiorari to review the trial court’s order granting defendant/Bowers’ pretrial motion to exclude the testimony of defendant/Platt from Bowers’ upcoming trial for trafficking in cannabis. The court found that the State’s discovery violations consisting of its failure timely to notify Bowers of a tape recording and its intent to call Detective Platt as a witness required exclusion of the witness. We disagree.
The State filed an information charging Bowers with trafficking in marijuana. On September 14,1981, he demanded discovery. Discovery supplied on September 21, 1981, reflected that Detectives Hart and Ramey gave Bowers Miranda warnings. This discovery also disclosed the substance of Bowers’ statements to the police. The officers’ depositions, which were taken on August 28, 1981, and January 7,1982, revealed that neither detective advised Bowers of his Miranda rights. The deposition of Detective Brubaker, taken on October 27, 1981, revealed that an undercover deputy had advised Bowers of his rights. The State subsequently learned from defense depositions that the undercover deputy who recited the warnings was Detective Platt.
Trial was set for January 12, 1982, but was continued to January 26, after it originally was discovered that, due to a clerical error in reproducing the discovery, a portion of the paper listing a tape recording as evidence was cut off. Then, on January 26, the State moved for a one-week continuance to February 2, due to the unavailability of an essential witness. On January 27, the State supplied Bowers with an additional witness list bearing the name of Detective Platt. A memo attached to the witness list indicated that it appeared that Detective Platt had advised Bowers of his Miranda rights.
On February 3, Bowers filed a motion to exclude Detective Platt. After a Richardson hearing the trial court granted the motion to exclude, stating as follows:
THE COURT: ... We’re not dealing here with one discovery violation; we’re dealing here with two. They’re both substantial.
The failing to provide this, the name of this witness, who is, of course, the key witness to the introduction of the incriminatory statements at trial, in addition to the prospective testimony of the witness Arnold, if he testifies in the way Detective Ramey described his statements to be this morning, would be terminal to the defense, and I mean substantially prejudicial.
But we’re also dealing with the fact that the State inadvertently failed to provide defense counsel with notice of the tapes. Had notice of the tapes been provided, perhaps we could have gone to trial on the 12th. But because it was not, the case had to be continued from the 12th. It had to be continued again on the next reset date, again at the State’s motion or State’s instance.
So, we’re dealing here with two discovery violations: one discovery violation being a failing to provide _ Mr. Platt’s name, but the second discovery violation being that of failing to provide a notice *11 of the tapes, which failure to provide notice resulted in the trial being continued to the 12th.
Had it gone to trial on the 12th, Mr. Platt’s testimony would not have been admissible, and I think it’s a substantial violation which requires that his testimony be excluded. I grant the motion to exclude.
In Richardson v. State, 246 So.2d 771 (Fla.1971), the Florida Supreme Court quoted with approval from Ramirez v. State, 241 So.2d 744 (Fla. 4th DCA 1970).
The point is that if, during the course of the proceedings, it is brought to the attention of the trial court that the state has failed to comply with Rule 1.220(e) CrPR, the court’s discretion can be properly exercised only after the court has made an adequate inquiry into all of the surrounding circumstances. Without intending to limit the nature or scope of such inquiry, we think it would undoubtedly cover at least such questions as whether the state’s violation was inadvertent or wilful, whether the violation was trivial or substantial, and most importantly, what effect, if any, did it have upon the ability of the defendant to properly prepare for trial. (Emphasis added.)
Here, there is no evidence that the violations were wilful. The only testimony was that the discovery violation resulted from the number of lawmen involved and was inadvertent. The trial judge did not find to the contrary.
The trial judge did find, as to the second area of inquiry, that the violation was substantial. However, we note that defense counsel had been made aware of the substance of the statements given and that Bowers had been given his Miranda rights. The violation solely concerned which officer had given the Miranda warnings.
The trial court found here that the testimony of Detective Platt would be prejudicial in that he would be “the key witness to the introduction of the incriminatory statements at trial.” However, as was stated in Wilcox v. State, 367 So.2d 1020, 1023 (Fla.1979), “(t)he purpose of a Richardson inquiry is to ferret out procedural, rather than substantive, prejudice.” Wilcox equated prejudice with the third area of inquiry specified in Richardson — whether the discovery violation prevented the defendant from properly preparing for trial. Here, the State informed defense counsel of the new witness a few days before trial and offered to make him available at the defendant’s request. There was testimony that Bowers’ attorney thereafter contacted the sheriff’s office and was informed that Detective Platt was on vacation. The State points to testimony that had counsel contacted the state attorney’s office he would have found out that Detective Platt was on vacation but was present in the county and available as a witness.
In a discovery context, “relevant evidence should not be excluded from the jury unless no other remedy suffices.” Cooper v. State, 336 So.2d 1133 (Fla.1976). Here, the nature of the testimony was already known to defendant, and the State’s violation was apparently inadvertent. Any procedural prejudice Bowers suffered by the State’s untimely notice that it would call Detective Platt as a witness could have been alleviated by a continuance. The tape violation had nothing to do with the failure to include Platt’s name on the witness list.
Accordingly, we find the trial court’s order excluding the testimony of Detective Platt departed from the essential requirements of law. We grant the petition for writ of certiorari, vacate the order excluding Detective Platt as a .witness, and remand the cause for further proceedings consistent with this opinion.
GRIMES and DANAHY, JJ., concur.