532 So.2d 1321 (1988)
STATE of Florida, Petitioner,
v.
Kenneth Edward DAVIS, Respondent.
No. 88-2438.
District Court of Appeal of Florida, Second District.
October 28, 1988.
*1322 Bill James, State Atty., and James M. Barton, II, Asst. State Atty., Tampa, for petitioner.
Judge C. Luckey, Jr., Public Defender, and Douglas C. Roberts, Asst. Public Defender, Tampa, for respondent.
SCHEB, Acting Chief Judge.
The state petitions for a writ of certiorari to review a trial court order excluding the trial testimony of numerous state witnesses for an alleged discovery violation. We grant the petition.
On December 20, 1987, the state filed an information charging the defendant, Kenneth Edward Davis, with sexual battery, burglary, robbery, kidnapping and grand theft, which allegedly occurred on November 11, 1987. Davis was arrested for those charges on March 22, 1988. The public defender was appointed as his defense counsel and a trial set for May 31. On March 30, defense counsel filed a Demand for Discovery to which the state responded on April 4.
Thirteen days before trial, on May 18, the state filed a Motion to Compel Blood, Hair, Saliva and Fingerprint Samples. On May 20, Davis filed a Demand for Speedy Trial pursuant to Florida Rule of Criminal Procedure 3.191(a)(2). On May 23, the state withdrew its request to compel hair samples and the court granted the motion as to the blood, saliva and fingerprint samples. On May 27, Davis filed a second Demand for Speedy Trial. The trial was continued to June 6 and then to June 27. Both continuances were granted at the state's request over the defendant's objections.
On June 21, the state filed a supplemental notice of discovery, listing 13 additional witnesses, additional police reports and a lab report. The defense then moved the court to sanction the state for discovery violations. See Fla.R.Crim.P. 3.220(j). At the Richardson hearing,[1] the defense argued that the state's delay in providing the additional and lengthy discovery violated his speedy trial rights. The state explained the discovery was prolonged due to delays by law enforcement and the state crime lab. The state argued that it had complied with Florida Rule of Criminal Procedure 3.220(f) by providing information to the defendant as soon as the state attorney's office received it. The defense requested that the judge impose sanctions against the state by excluding the witnesses identified on the supplemental notice of discovery.
The trial judge found that while not intentional, the state's discovery violation was significant, and that there was substantial prejudice to Davis' right to speedy trial. The circuit judge granted the motion for sanctions and prohibited the state from using the 13 new witnesses' testimony at trial.
Delays by the state are wasteful of the resources of the criminal justice system and must be avoided whenever possible. Here, it is clear that the state failed to *1323 investigate and prepare the case against Davis in a prompt manner and such negligence should not be condoned. However, the parties' interests and rights in this matter could have been preserved by a less harsh sanction than the exclusion of the state's witnesses. A continuance could have been ordered allowing the defense time to interview the witnesses, and still set the trial within demanded speedy trial period.
The exclusion of testimony should be ordered only when the court finds that there is a wilful violation of the discovery rules. Here, the court found that the violation by the state was not intentional. Any procedural prejudice to Davis could have been alleviated by a continuance. See State v. Bowers, 422 So.2d 9 (Fla. 2d DCA 1982).
Accordingly, we grant the state's petition for writ of certiorari, vacate the order excluding the witnesses, and remand for further proceedings consistent with this opinion.
SCHOONOVER and THREADGILL, JJ., concur.
NOTES
[1] Richardson v. State, 246 So.2d 771 (Fla. 1971).