544 So.2d 1143 (1989)
Peggy HUFF, Appellant,
v.
STATE of Florida, Appellee.
No. 88-1751.
District Court of Appeal of Florida, Fourth District.
June 14, 1989.
Richard L. Jorandby, Public Defender, and Jeffrey L. Anderson, Asst. Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Patricia G. Lampert, Asst. Atty. Gen., West Palm Beach, for appellee.
*1144 LETTS, Judge.
During a prosecution for trafficking in cocaine, the defendant, who was claiming entrapment, sought to introduce testimony from a third party to the effect that that third party had likewise been approached in the same manner, in an unrelated drug transaction, by the same police informant. The trial judge denied the defendant's request, claiming that the third party's testimony would not be relevant. We reverse.
The excluded testimony would have been relevant on the question of whether the police activity had as its end the interruption of a specific ongoing criminal activity and utilized a means reasonably tailored to apprehend those involved in the ongoing criminal activity. Cruz v. State, 465 So.2d 516 (Fla. 1985). It would be relevant on the issue of whether the informant caused the appellant to engage in the conduct by employing methods of persuasion which created a substantial risk that the crime would be committed by a person other than one who was ready to commit it. See § 777.201, Fla. Stat. (1987). Furthermore, the testimony should also have been admitted because it was relevant to show a common scheme or plan by the informant to instigate drug activity. See McCrae v. State, 395 So.2d 1145 (Fla. 1980).
During closing argument, the prosecutor made it clear that, in his opinion, the defense was a fabrication. This is inappropriate. See Rosso v. State, 505 So.2d 611 (Fla. 3d DCA 1987), Waters v. State, 486 So.2d 614 (Fla. 5th DCA 1986), and Trinca v. State, 446 So.2d 719 (Fla. 4th DCA 1984).
Finally, it was error to admit testimony that the defendant carried a gun to work. Guns had nothing to do with the crime charged. See Jackson v. State, 522 So.2d 802 (Fla. 1988).
REVERSED AND REMANDED.
HERSEY, C.J., and GLICKSTEIN, J., concur.