586 So.2d 1237 (1991)
STATE of Florida, Petitioner,
v.
Calvin SMITH, Respondent.
No. 90-03583.
District Court of Appeal of Florida, Second District.
September 20, 1991.
Rehearing Denied October 15, 1991.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Susan D. Dunlevy, Asst. Atty. Gen., Tampa, for petitioner.
Elliott C. Metcalfe, Jr., Public Defender, and Adam Tebrugge, Asst. Public Defender, Sarasota, for respondent.
PER CURIAM.
This proceeding in certiorari seeks review of two separate rulings by the circuit court, both adverse to the state, entered in the ongoing prosecution of respondent Calvin Smith. We grant the petition as to both orders.
Smith is charged with armed burglary and sexual battery. The first ruling involves hair samples, taken pursuant to a previous court order, which purportedly match hairs found at the crime scene. It appears that the Florida Department of Law Enforcement laboratory, to which the samples had been sent for comparison, did not perform the necessary analysis because the state failed to include a "formal" request for the testing. This omission was not detected until after Smith filed a demand for speedy trial. Once apprised of the speedy trial problem, the FDLE lab made the test results available within days. Even so, defense counsel protested that he lacked sufficient time, within the speedy trial framework, to locate expert witnesses of his own. After one attempt to depose the FDLE expert did not satisfy the defense, the circuit court eventually decided that the witness should be excluded.
The facts of this case are similar to those in State v. Davis, 532 So.2d 1321 (Fla. 2d DCA 1988), wherein this court vacated an order excluding numerous state witnesses. The prosecutor in Davis, who sought to compel certain physical evidence only thirteen *1238 days before trial, clearly had been negligent in assembling the case and providing discovery. Nevertheless, the trial court concluded, and the record confirmed, that the delay was "not intentional." On certiorari review, we held that "the parties' interests and rights ... could have been preserved by a less harsh sanction than the exclusion of the state's witnesses" and that "[a]ny procedural prejudice to Davis could have been alleviated by a continuance." 532 So.2d at 1323.
In the present case, the circuit court distinguished Davis by finding that the discovery violation was so grossly negligent as to be effectively willful. Although the gap in time between Smith's arrest and the prosecutor's decision to begin preparing was considerably longer than in Davis, we do not believe that this finding is supported by the record.[1] Accordingly, we quash the order barring the FDLE expert from testifying at Smith's trial.
The second ruling concerns the state's notice of its intent to rely upon Williams Rule[2] evidence. In sustaining Smith's pretrial motion in limine, the circuit court appears to have found that while the principal and collateral crimes display certain similarities, certain dissimilarities also exist which render the Williams Rule evidence inadmissible. However, our review of the record and comparison of the two crimes lead us to conclude that the state should be permitted to utilize the collateral crime evidence.[3]
The Williams Rule imposes a two-prong test. The first prong, that the evidence is relevant and not intended solely to demonstrate criminal propensity, is not at issue in the present proceeding. A second requirement for admissibility is that the two crimes must share some unique feature suggesting the same perpetrator. See, e.g., State v. Savino, 567 So.2d 892, 894 (Fla. 1990) (described as "fingerprint" crimes); Drake v. State, 400 So.2d 1217 (Fla. 1981); Sias v. State, 416 So.2d 1213, 1216 (Fla. 3d DCA), rev. denied, 424 So.2d 763 (Fla. 1982) ("singular behavior").
In the present case, the principal and collateral crimes were committed in the same apartment complex and only three weeks apart. They occurred in the wee hours of the morning, between 3 a.m. and 4 a.m. Both victims were assaulted in second floor bedrooms. Perhaps most crucial to the decision we reach  the true "fingerprint" suggesting a unique modus operandi  the assailant first cut the crotch out of both victims' panties. Cf. State v. Maisto, 427 So.2d 1120 (Fla. 3d DCA 1983); Sias (both involving sex offenses with unusual characteristics).
In response, Smith argues that the two crimes also exhibit several dissimilarities. While it is true that the Williams Rule standard is not satisfied simply by proof that the principal and collateral crimes are more alike than unalike, Sias, we believe the dissimilarities in the present case stem less from a deviation in modus operandi than from mere happenstance. We do not find the presence of "substantial dissimilarities" such as would overcome the strong argument for the use of the Williams Rule evidence. Thompson v. State, 494 So.2d 203 (Fla. 1986).
The petition for writ of certiorari is granted and this case is remanded to the *1239 circuit court for further proceedings consistent with this opinion.
PARKER, A.C.J., and PATTERSON, J., concur.
ALTENBERND, J., concurs specially.
ALTENBERND, Judge, concurring.
I concur completely in that portion of the majority's decision that grants certiorari to allow expert testimony concerning the hair sample. That testimony is an important aspect of the state's case. As a result, the error is "serious" and "highly prejudicial." State v. Pettis, 520 So.2d 250, 253 (Fla. 1988). Moreover, the decision to preclude the expert witness's testimony is such a harsh sanction for a Richardson violation under the facts of this case that I agree it is a decision which departs from the essential requirements of the law. Thus, this issue surpasses the rigorous threshold required for certiorari review.
I do not believe, however, that we have authority to review by certiorari the trial court's separate order concerning the Williams Rule issue. This record does not establish that the state will be substantially prejudiced by the omission of this testimony. Williams Rule evidence concerns collateral crimes. Buenoano v. State, 527 So.2d 194 (Fla. 1988). While it may have substantial impact on a jury, it cannot be a "feature" of a trial and can only be an "incident" of the trial. Ashley v. State, 265 So.2d 685, 693 (Fla. 1972); see also Travers v. State, 578 So.2d 793, 798 (Fla. 1st DCA 1991).
It is also impossible for me to declare that the trial judge's decision on this issue clearly departs from the essential requirements of the law. Williams Rule evidence is "inherently prejudicial" and is admitted only under "a strict standard of relevance." Heuring v. State, 513 So.2d 122, 124 (Fla. 1987). This trial court's decision strays from our view of the strict standard of relevance, but it does not involve "a violation of a clearly established principle of law resulting in a miscarriage of justice." Combs v. State, 436 So.2d 93, 96 (Fla. 1983); see Pettis. I must agree with Judge Hall that our use of certiorari in such cases merely encourages an unauthorized "proliferation of `mini-trials.'" State v. Sorakrai, 543 So.2d 294, 296 (Fla. 2d DCA 1989) (Hall, J., dissenting).
I concur in the decision on the Williams Rule issue, because we apparently have jurisdiction under Florida Rule of Appellate Procedure 9.140(c)(1)(B). Although the state conceded that the trial court's order was not an order suppressing "evidence obtained by search and seizure," this jurisdictional rule has been broadly interpreted to apply to pretrial orders suppressing evidence. State v. Palmore, 495 So.2d 1170 (Fla. 1986); State v. Brea, 530 So.2d 924 (Fla. 1988); State v. Everette, 532 So.2d 1124 (Fla. 3d DCA 1988) (allowing appeal from order preventing "other crimes" evidence under section 90.404(2)(b)(1), Florida Statutes). Accordingly, all aspects of this case were apparently appealable without regard to the higher standard established in Pettis.
NOTES
[1] The circuit court also expressed its opinion that a speedy trial demand in Davis had been a strategic maneuver by the defense, in effect an attempt at "trial by ambush." We note that the present case has been pending since 1989, and the record contains numerous written stipulations for continuance and waivers of speedy trial.
[2] Williams v. State, 110 So.2d 654 (Fla.), cert. denied, 361 U.S. 847, 80 S.Ct. 102, 4 L.Ed.2d 86 (1959), since codified at § 90.404(2), Fla. Stat. (1989).
[3] Although the question of jurisdiction has not been raised by either party to this case, we believe the state does have the right to seek certiorari review of this order pursuant to the standards set forth in State v. Pettis, 520 So.2d 250 (Fla. 1988). See particularly State v. Maisto, 427 So.2d 1120 (Fla. 3d DCA 1983), which predates Pettis.