657 So.2d 46 (1995)
Chester MATTEAR, Appellant,
v.
STATE of Florida, Appellee.
No. 94-0748.
District Court of Appeal of Florida, Fourth District.
June 28, 1995.
*47 Richard L. Jorandby, Public Defender, and Joseph R. Chloupek, Asst. Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Melynda L. Melear, Asst. Atty. Gen., West Palm Beach, for appellee.

ON REHEARING
HERSEY, Judge.
We deny rehearing, but withdraw the opinion filed May 3, 1995, and substitute in lieu thereof the following.
Appellant timely appeals a judgment of conviction for sexual battery upon a child, claiming that the trial court erred in excluding two key defense witnesses because they were not disclosed during discovery. We agree.
At trial an expert testified that a medical examination indicated that a penis had been forced into the victim's vagina. The victim testified that she never had sex with an individual named T. McBride or anyone else. Defense counsel attempted to call McBride as well as one of victim's friends to testify that the victim and McBride had engaged in sexual relations. The state objected because neither witness was listed on defense's witness list. The trial judge found that because opening statements and direct examination had been completed and because the evidence was of massive import in that essentially someone else was confessing to the crime, the state would be prejudiced by the introduction of the testimony without prior notice.
In Woody v. State, 423 So.2d 971, 971 (Fla. 4th DCA 1982), this court noted that a trial court's decision to exclude testimony for a discovery violation should balance "the propositions that the reciprocal rules of discovery should be followed so long as the defendant is not denied his fundamental right to defend himself." Since the testimony sought to be introduced by the witnesses in the instant case was exculpatory in nature, exclusion of the testimony would deny appellant his fundamental right to defend himself in violation of the Sixth Amendment. We therefore reverse the decision of the trial court and remand for a new trial.
We are not suggesting by this opinion that the trial court, after determining under Richardson v. State, 246 So.2d 771 (Fla. 1971), that the state would suffer substantial prejudice, should have allowed the witnesses to testify in the trial presently underway. When exculpatory evidence is sought to be introduced in violation of the discovery rules, and remedies which would allow the trial to proceed are insufficient, the proper course of action is to declare a mistrial. A mistrial is an appropriate discovery sanction under rule 3.220(n)(1), Florida Rules of Criminal Procedure.
Further, we disagree with appellee's assertion that the failure to allow the testimony of McBride was harmless error because in his proffered testimony he invoked his rights under the Fifth Amendment. Whether this court may consider proffered testimony in deciding whether the error was harmless is currently the subject of a question certified to the Florida Supreme Court in O'Rourke v. State, 645 So.2d 569 (Fla. 5th DCA 1994). However, even if proffered testimony can be considered, we find that the error was not harmless because defense counsel could, at trial, introduce the deposition of McBride, in which he admits to having sexual relations with the victim, on the grounds that McBride was unavailable under section 90.804, Florida Statutes (1993).
REVERSED AND REMANDED FOR NEW TRIAL.
DELL, C.J., and FARMER, J., concur.