PATTERSON, Chief Judge.
William Palmer appeals from his judgment and sentence for robbery with a firearm while wearing a mask, armed burglary while wearing a mask, aggravated assault with a firearm while wearing a mask, and petit theft. The charges arose from an armed robbery of Hungry How-ie’s, a pizza store, on October 19, 1997. Palmer raises nine issues on appeal. We find merit in his argument that the trial court erred in denying him the opportunity to depose his codefendant and in his argument that his conviction for petit theft is invalid. Thus, we reverse and remand for a new trial.
A Hungry Howie’s driver was returning from making deliveries when two men with masks and handguns approached him behind the store and forced him to open the door. The robbers took cash from the cash register and left in a green truck. Another delivery driver was returning to the store when he observed the two men in masks. Shortly thereafter, he saw the green truck depart from the store. He pursued the vehicle and, once he obtained the tag number, reported the incident to the police. A police check revealed that the tag belonged to a green Ford Ranger owned by Richard Carter.
A witness saw the truck drive to a vacant house near Carter’s residence and directed the police to that location. The officers observed the two suspects, Palmer and Carter, in the backyard holding handguns and counting .something. Following the men’s arrest, Carter made several statements to police.
On the day of Palmer’s trial, Carter entered a plea to the charges stemming from the robbery. The defense moved for a continuance because it wanted to depose Carter the next day. The prosecutor asserted that Carter had indicated he would refuse to testify against Palmer. The trial court denied the motion.
We agree that this was an abuse of the trial court’s discretion. Palmer was hampered in the preparation of his defense by the inability to obtain Carter’s deposition, especially in light of Carter’s statements to police. Although the State claimed that Carter would not testify, the defense was entitled to conduct its own discovery once Carter decided to enter a plea. Until Carter was sworn, it was premature to rely on his assertions that he would not testify. Because Palmer was prejudiced by the denial, we reverse and remand for a new trial. See Fennie v. State, 648 So.2d 95 (Fla.1994) (holding that a trial court’s ruling on a motion for a *667 continuance is subject to an abuse of discretion standard and is prone to reversal if the defendant can demonstrate undue prejudice).
Further, Palmer correctly argues, and the State concedes, that petit theft is a necessarily included offense of robbery and, therefore, Palmer cannot be convicted of both for the theft of the same property. See Freeman v. State, 623 So.2d 858 (Fla. 4th DCA 1993) (holding that a defendant cannot be convicted of both armed robbery and the necessarily included offense of pet-it theft).
Reversed and remanded.
NORTHCUTT and STRINGER, JJ., Concur. ■