754 So.2d 827 (2000)
Eddie WHEELER, Appellant,
v.
STATE of Florida, Appellee.
No. 2D99-2054.
District Court of Appeal of Florida, Second District.
April 5, 2000.
*828 James Marion Moorman, Public Defender and Dea Abramschmitt, Special Public Defender, Bartow, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee and Jenny S. Sieg, Assistant Attorney General, Tampa, for Appellee.
CAMPBELL, Acting Chief Judge.
Appellant, Eddie Wheeler, challenges his conviction for the offense of sale of cocaine. He argues that the trial court erred, on the basis of a discovery violation, in excluding the testimony of appellant's sole witness. We agree that the witness should have been allowed to testify and therefore reverse and remand for a new trial.
Manatee County sheriffs deputies were working undercover attempting to make drug purchases in neighborhoods known for their drug traffic. In the early evening hours of May 18, 1998, a pair of undercover deputies approached a large, two-story rooming house occupied by a number of persons where, after several attempts over a brief period of time, they purchased from a man they later identified as appellant, a $20 piece of rock cocaine. Appellant was shortly thereafter arrested in the rooming *829 house, later pleaded not guilty, and the matter was set for jury trial.
The jury was selected and sworn on November 9, 1998, but the trial, which was scheduled to begin on November 12, had to be postponed because one of the deputies involved in the purchase of cocaine had been in a severe automobile accident and would not be able to testify for a few days. The trial court informed counsel that the next week was not a trial week for her, but that if the trial was only going to take a few hours, then she might be able to squeeze it in on Thursday afternoon, November 19. After the jury agreed to come back on that date, the trial judge told them that they could work late on the 19th and she would bring them back on Friday, November 20 only if it became absolutely necessary.
At the beginning of the proceedings on the 19th, defense counsel informed the court that there was a newly discovered defense witness. The witness's name was Linsey Crawford, who used the nickname of "Rusty." The deputies had made contact at the rooming house with a "Rusty" when they were attempting to purchase cocaine. Defense counsel explained that appellant had discovered Crawford the day before in the same jail where appellant was housed. Defense counsel told the court that, although he had planned to speak with appellant the day before, he did not get to talk with him until that morning, which was when he first discovered Crawford. Defense counsel immediately called the State Attorney's office, but the trial prosecutor was unavailable. Defense counsel left a message with the prosecutor's secretary. Because defense counsel had not yet been able to speak with Crawford, he asked the court for a moment to talk with him, but the court stated that there was no time right then and he would have to wait until they took their afternoon break. The defense attorney represented that Crawford would testify that he observed the cocaine transaction with the deputies and that a man by the name of Kevin Wagar, and not appellant, had sold the cocaine to the deputies. At a subsequent motion for new trial, the trial judge was presented with evidence of a written confession by Wagar, who was then incarcerated on other charges.
After much of the State's case-in-chief was presented, the court finally took a break for a Richardson[1] hearing. The State claimed severe prejudice because this witness had not been listed as a defense witness and the State only found out about him the day of the trial. The assistant state attorney told the court that he had only started getting a statement from Crawford and was having difficulty. The court cut the Richardson hearing short, and ordered the State to find some authority to allow her to exclude the witness's testimony.
At the conclusion of the State's case, the court again took up the Richardson hearing. The State claimed it still had not been able to fully talk with the witness and had not been able to check on his prior record. The court grilled defense counsel at length about why this witness was not previously discovered, whether appellant had asked him to find this witness, and what attempts had been made to find him. Defense counsel explained that appellant only knew Crawford as "Rusty" and had no idea where he was, although he knew Rusty was no longer at the rooming house. Defense counsel pointed out that the police, and therefore the State, had this man in their custody, knew he was a witness to the transaction, and so had as much or more knowledge of who and where Crawford was as did the defense. Defense counsel protested that he had no starting point to even begin looking for Crawford, nor did he know whether Crawford had seen anything concerning the cocaine transaction or otherwise had any beneficial evidence. Reluctantly, the court decided to take a proffer from the witness, but cut *830 it off when there was an argument between defense counsel and the assistant state attorney as to what the witness had told them. The court excluded Crawford's testimony, reasoning that there had been a discovery violation, that it was substantial, that the State was severely prejudiced, and the prejudice could not be cured by anything short of exclusion of the witness's testimony. Appellant had no other witnesses to call, elected not to testify, and rested without being able to present any evidence of his alleged innocence.
After the jury had begun deliberations, the court recorded some of her reasons for excluding the witness's testimony, one of which was that she found that his "credibility would have been greatly diminished." The jury returned a verdict of guilty as charged. The court sentenced appellant as a habitual felony offender to fifteen years' imprisonment. Defense counsel moved for a new trial, but had to withdraw because of a conflict of interest. Subsequent defense counsel amended the motion for new trial, adding the ground of newly discovered evidence. A third subsequent defense attorney argued the motion, stating that Wagar had essentially confessed to the crime. Wagar was the same person Crawford would have testified he had seen sell the cocaine to the deputies. Counsel explained that neither Crawford nor appellant had previously known Wagar's real name and had no idea of his whereabouts. Appellant did not know that Wagar had sold the drugs to the deputies. Wagar heard of appellant's situation and heard that Crawford was looking for him after he was arrested. The court denied appellant's motion for new trial, claiming that Wagar could have been discovered with due diligence.
Although Florida Rule of Criminal Procedure 3.220(d) requires the defense to disclose the names and addresses of all witnesses it expects to call at trial, the sanction of excluding a defense witness for a discovery violation is a "severe sanction" that "should be a last resort reserved for extreme or aggravated circumstances." Livigni v. State, 725 So.2d 1150, 1151 (Fla. 2d DCA 1998); M.N. v. State, 724 So.2d 122 (Fla. 4th DCA 1998); Taylor v. State, 643 So.2d 1122 (Fla. 3d DCA 1994).
In Mattear v. State, 657 So.2d 46, 47 (Fla. 4th DCA 1995), the court held that "where the defendant is trying to introduce exculpatory evidence in violation of the discovery rules" and where "remedies which would allow the trial to proceed are insufficient, the proper course of action is to declare a mistrial."
The court here prohibited appellant from adequately defending himself. The evidence of any willful discovery violation was dubious, and any evidence of aggravating circumstances or an intent to thwart justice was lacking. The issue of the witness's credibility should have been left to the jury. The defense witness here, unlike in Mattear, was presented before opening statements or any testimony had been taken. The Richardson hearing revealed that the defense attorney had only discovered this defense witness the date that the trial began. He immediately attempted to contact the state attorney's office. Although both the State and appellant were aware that there were possible witnesses among the other people at the boarding house at the time of appellant's arrest, appellant did not know these people by their legal names and did not know their last names at all. Additionally, the defense did not know whether any of the possible witnesses at the boarding house would have evidence favorable to the defense.
When a court determines that the State may be prejudiced because of a discovery violation, it should make every effort to find a remedy short of excluding the witness. In Peterson v. State, 465 So.2d 1349, 1351 (Fla. 5th DCA 1985), the Fifth District stated:
[R]elevant evidence should not be kept from the jury unless no other remedy suffices, and it is incumbent on the trial *831 judge to conduct an adequate inquiry to determine whether other reasonable alternatives can be employed to overcome or mitigate any possible prejudice.
See also State v. Schwartz, 605 So.2d 1000, 1001 (Fla. 2d DCA 1992); State v. Davis, 532 So.2d 1321 (Fla. 2d DCA 1988). Procedural prejudice can often be cured by a continuance. In this case, the State had previously been granted a continuance after the jury was sworn and before testimony began because one of the State's witnesses was unavailable to testify.
Furthermore, the essence of the State's alleged prejudice was that it did not have time to obtain evidence to impeach Crawford. However, "exclusion is too severe a remedy where the only prejudice that can be shown due to the nondisclosure of a witness is an inability to obtain evidence for impeachment purposes." Miller, 636 So.2d at 149.
We agree with appellant that the exclusion of the only witness available to him who would offer him a defense to the crime charged was too severe a sanction. We, therefore, reverse and remand for a new trial.
GREEN, J., and SCHEB, JOHN M., (Senior) Judge, Concur.
NOTES
[1] Richardson v. State, 246 So.2d 771 (Fla. 1971).