NORTHCUTT, Acting Chief Judge.
Kenneth Hayden appeals his convictions for burglary of a dwelling and dealing in stolen property. He contends his trial went awry when the court permitted the State to introduce fingerprint evidence produced on the eve of trial, and denied Hayden a continuance to allow him to obtain his own fingerprint expert. We conclude that refusing the continuance was an abuse of discretion which denied Hayden a fair trial. We reverse and remand for a new trial.
The State’s case against Hayden was entirely circumstantial. On the day of the burglary in January 1996, police investigators obtained two fingerprints-a latent partial fingerprint lifted from a glass windowpane at the point of entry, and a thumbprint on a pawn ticket at the shop where some of the stolen items were pawned shortly after the burglary. Apparently through inadvertence, the police performed a fingerprint comparison only on the pawn ticket. The thumbprint was Hayden’s. This fact and the name of the police fingerprint expert the State intended to present at trial were duly reported in the State’s response to Hayden’s discovery demand. After receiving the State’s response and being otherwise prepared for trial, Hayden filed a demand for a speedy trial.
Hayden’s jury was selected on August 19, 1996, with his trial scheduled to begin three days hence. On the day after jury selection the assistant state attorney assigned to the case realized that no comparison had been performed on the fingerprint taken from the windowpane. He ordered one. Thus, at 4:00 p.m. on August 21 — the day before Hayden’s trial was to begin — the State for the first time produced a print comparison reflecting that Hayden’s fingerprint had been found at the scene of the burglary.
On the morning of trial Hayden’s counsel complained that this last-minute evidence severely undercut her planned trial strategy. She moved to exclude the evi- *1033 denee or to continue the trial so that the defense could have the fingerprint examined by its own expert. The trial court denied both requests.
The evidence at trial disclosed that the stolen items were pawned less than an hour after the burglary. The State’s fingerprint examiner testified that the thumbprint on the pawn ticket was Hayden’s. Over objection, he also opined that the fingerprint found on the windowpane at the burgled home matched Hayden’s, as well. Hayden testified that, indeed, he had pawned the items. But he recounted that another fellow had paid him $20 to do so because the man lacked the required photo identification. Hayden maintained that he had never been at the scene of the burglary. In closing argument to the jury, Hayden’s counsel posited that, the State’s fingerprint examiner, rushed to perform the last-minute comparison, simply was mistaken about the fingerprint on the windowpane. The jury found Hayden guilty as charged.
The State must furnish discovery within sufficient time to allow the defendant to prepare for trial without forfeiting his right to a speedy trial. See Staveley v. State, 744 So.2d 1051 (Fla. 5th DCA 1999), review denied, No. 96, 916, 760 So.2d 948 (Fla. March 6, 2000) (table opinion). Contrary to the prosecutor’s assertion to the trial court, a defendant does not relieve the State of its ongoing discovery obligation when he demands a speedy trial. See Hahn v. State, 626 So.2d 1056 (Fla. 4th DCA 1993); State v. Davis, 532 So.2d 1321 (Fla. 2d DCA 1988). When the trial court learns of a possible discovery violation, the court must determine: 1) whether the violation was inadvertent or willful, 2) whether the violation was trivial or substantial, and 3) what effect the violation had on the defendant’s ability to properly prepare for trial. See Sims v. State, 681 So.2d 1112, 1114 (Fla.1996); Richardson v. State, 246 So.2d 771 (Fla.1971). After considering these factors, the court has the discretion to fashion an appropriate remedy. See Staveley, 744 So.2d 1051.
Here, the trial court did not conduct a Richardson hearing, but the circumstances apparent in the record strongly suggest that the late disclosure of the fingerprint comparison was not willful. See Davis, 532 So.2d at 1322-1323 (characterizing State’s failure to investigate and. prepare case in prompt manner as “negligent”). In that case, it would have been an abuse of discretion to exclude the evidence. See Wheeler v. State, 754 So.2d 827 (Fla. 2d DCA 2000); Davis, 532 So.2d 1321. Aside from that, however, it is also apparent that the violation was substantial. Literally on the eve of trial the State for the first time revealed that it had physical evidence of Hayden’s presence at the scene of the burglary, a circumstance which significantly bolstered the State’s case both on the burglary charge and on the charge that Hayden had dealt in property he knew or should have known to be stolen.
Further, there can be no real doubt that the tardiness of this disclosure seriously prejudiced the preparation of Hayden’s defense. In argument to the trial court on this point, the prosecutor urged that the defense was unaffected by the late disclosure, or even had invited the problem, because it' had never deposed the State’s fingerprint expert. But the State previously had disclosed only that the expert had connected the pawn ticket to Hayden, something Hayden did not deny — indeed, when pawning the items he had furnished his photo identification. Even if the defense had deposed the expert during its trial preparation, it would not have learned of the windowpane print comparison because the. comparison was -not even requested until the day after jury selection. On the other hand, if the information had been furnished to the defense in a timely manner, it could have had the fingerprint examined by its own expert in order to develop evidence with which to impeach the opinion of the State’s witness.
*1034 The trial court abused its discretion by refusing to grant the requested continuance. See Fennie v. State, 648 So.2d 95 (Fla.1994) (holding that a trial court’s ruling on a motion for continuance is subject to an abuse of discretion standard and is prone to reversal if the defendant can demonstrate undue prejudice); Palmer v. State, 752 So.2d 665 (Fla. 2d DCA 2000). We reverse Hayden’s conviction, and remand for a new trial.
GREEN and DAVIS, JJ., Concur.