868 So.2d 650 (2004)
STATE of Florida, Appellant,
v.
Thomas A. EATON, Appellee.
No. 2D03-2054.
District Court of Appeal of Florida, Second District.
March 19, 2004.
*651 Charles J. Crist, Jr., Attorney General, Tallahassee, and Timothy A. Freeland, Assistant Attorney General, Tampa, for Appellant.
James Marion Moorman, Public Defender, and Bruce P. Taylor, Assistant Public Defender, Bartow, for Appellee.
VILLANTI, Judge.
The State appeals the trial court's order excluding evidence of blood alcohol test results based on its determination that the State had willfully violated the rules of discovery. We treat the State's appeal as a petition for a writ of certiorari and grant the petition because the trial court departed from the essential requirements of the law by excluding the evidence without considering other, less severe sanctions.
*652 On June 3, 2002, the State charged Eaton with vehicular homicide, DUI manslaughter, driving under the influence with property damage and/or personal injury, and violation of a restricted driver's license after the car he was driving collided with another vehicle, killing Eaton's passenger. Eaton was also severely injured and hospitalized, and the hospital drew and tested his blood for medical purposes. The results of this test are the subject of this petition.[1]
Eaton filed a notice of discovery pursuant to Florida Rule of Criminal Procedure 3.220 on July 19, 2002. The State filed its discovery exhibit in response on September 4, 2002. The discovery exhibit contained no reference to test results of blood drawn for medical purposes, although it did reference Eaton's hospital records and the traffic homicide investigation report. To follow up, defense counsel twice wrote to the assistant state attorney, asking for any documentation with regard to "medical blood" the State intended to use at trial. The assistant state attorney replied in a letter dated October 8, 2002, "As to the blood work, you have all the documentation in my file." The record does not indicate that the assistant state attorney was attempting to mislead defense counsel with this answer.
Eaton was out of custody and had previously waived speedy trial. Also, he had once requested, and been granted, a continuance because he needed surgery for the injuries he had sustained in the car crash. The jury trial was set for April 28, 2003. On March 24, 2003, Eaton moved to suppress the "medical blood" test results on two grounds: first, because the State had failed to provide any formal notice or documentation of the blood alcohol test results despite Eaton's notice of discovery; and second, because the blood alcohol test results had been obtained in violation of section 395.3025(4)(d), Florida Statutes (2002).[2]
The trial court held a hearing on the motion on April 23, 2003, five days before the trial was to begin. It determined that the State had failed to provide Eaton with notice of its intent to use the blood alcohol test results in violation of rule 3.220(b). Although the State argued that the hospital records were available for inspection, the trial court explained, "He doesn't have to go on a wild goose chase to figure out whose [sic] got what. There is [sic] a few simple things that you do in discovery. Tell him that you have scientific evidence, who the witness is, and that's it." The trial court determined the discovery violation was willful. As a result, it excluded the results from evidence.[3]
*653 Exclusion of evidence can be a permissible sanction when the trial court determines there has been a discovery violation. Fla. R.Crim. P. 3.220(n). When the trial court learns of a possible discovery violation, it must conduct a hearing pursuant to Richardson v. State, 246 So.2d 771, 775 (Fla.1971). State v. Evans, 770 So.2d 1174 (Fla.2000). The purpose of a Richardson hearing is to determine "whether the violation (1) was willful or inadvertent; (2) was substantial or trivial; and (3) had a prejudicial effect on the aggrieved party's trial preparation." Id. at 1183; accord Sims v. State, 681 So.2d 1112, 1114 (Fla.1996); Hayden v. State, 760 So.2d 1031, 1033 (Fla. 2d DCA 2000). After considering these factors and finding a Richardson violation, the trial court has discretion to choose an appropriate remedy or sanction. Hayden, 760 So.2d at 1033.
The extreme sanction of excluding evidence, however, should be used only as a last resort. Livigni v. State, 725 So.2d 1150, 1151 (Fla. 2d DCA 1998); State v. Schwartz, 605 So.2d 1000 (Fla. 2d DCA 1992); Wilkerson v. State, 461 So.2d 1376, 1379 (Fla. 1st DCA 1985). "Relevant evidence should not be excluded from the jury unless no other remedy suffices, and it is incumbent upon the trial court to conduct an adequate inquiry to determine whether other reasonable alternatives can be employed to overcome or mitigate any possible prejudice." Wilkerson, 461 So.2d at 1379 (citing Austin v. State, 461 So.2d 1380 (Fla. 1st DCA 1984)).
A motion to suppress hearing generally is not used in lieu of a Richardson hearing because prejudice to the aggrieved party, one of the factors the trial court must consider, is exceedingly difficult to prove on a pretrial motion such as a motion to suppress. Here, the trial court used the motion to suppress hearing to consider the Richardson factors and determined that the discovery violation was willful. However, the order granting the motion to suppress does not indicate that the trial court found Eaton was prejudiced by the discovery violation. Although prejudice may have arisen had the evidence been introduced midtrial, any prejudice caused by the State's failure could have been easily remedied by simply furnishing Eaton with the results and continuing the trial, if necessary.
Moreover, the trial court departed from the essential requirements of the law when it simply suppressed the evidence without considering other, less drastic sanctions such as ordering the State to provide the test results and continuing the trial. See Schwartz, 605 So.2d at 1001. A continuance would not have prejudiced Eaton because he was out of custody, had waived speedy trial, and had once received a continuance.
We therefore grant the petition for writ of certiorari and quash the order suppressing the blood alcohol test results on this ground. We do so without prejudice to Eaton to advance other arguments in favor of his motion to suppress. If the evidence is not suppressed, the trial court may consider alternative sanctions pursuant to rule 3.220(n).
Petition granted; order quashed; and cause remanded.
STRINGER and KELLY, JJ., concur.
NOTES
[1] Evidently, there was a second blood draw taken at the request of law enforcement pursuant to section 316.1933, Florida Statutes (2002). Because the results of this blood draw showed Eaton's blood alcohol level to be within the legal limit for driving, the State wanted the test results of the blood drawn for medical purposes for use at trial.
[2] Section 395.3025(4)(d), Florida Statutes (2002), provides:

(4) Patient records are confidential and must not be disclosed without the consent of the person to whom they pertain, but appropriate disclosure may be made without such consent to:
....
(d) In any civil or criminal action, unless otherwise prohibited by law, upon the issuance of a subpoena from a court of competent jurisdiction and proper notice by the party seeking such records to the patient or his or her legal representative.
[3] Because the trial court excluded the evidence on the discovery violation ground, it never reached the merits of Eaton's second argumentthat the blood alcohol test results had been obtained in violation of section 395.3025(4)(d).