902 So.2d 294 (2005)
Andrea CASSEUS, Appellant,
v.
STATE of Florida, Appellee.
No. 4D04-421.
District Court of Appeal of Florida, Fourth District.
May 25, 2005.
Carey Haughwout, Public Defender, and Paul E. Petillo, Assistant Public Defender, West Palm Beach, for appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Richard Valuntas, Assistant Attorney General, West Palm Beach, for appellee.
WARNER, J.
Andrea Casseus appeals her convictions and sentences for uttering a forged or false instrument, a check, and petit theft. Because the court refused to permit her to introduce exculpatory evidence, we reverse for a new trial.
Casseus was charged with passing a forged check at a Publix store. The check was returned to the store after the bank found that it did not belong to a valid account. The cashier of the store identified Casseus as the person who passed the check. However, inconsistencies were pointed out in the cashier's identification. After the state rested, the defense sought to put into evidence other official documents, such as a driver's license and passport, with Casseus's signature on them, in *295 an attempt to prove that the signature on the forged check was not written by Casseus. The state objected because these documents were not provided to it until the day of trial. The court excluded the evidence, finding that the state was prejudiced because it could not perform a handwriting analysis on all of the documents, which it would have done had it known that the defense was seeking to admit the documents. Casseus then testified that she did not sign the check, and she wrote her signature on a blank piece of paper for the jury to compare with the signature on the document. The jury convicted her of both charges.
On appeal, Casseus claims that the court erred in excluding the evidence without holding an adequate hearing pursuant to Richardson v. State, 246 So.2d 771 (Fla.1971), as well as failing to consider a less drastic remedy that would not completely undercut her defense. While we conclude that the hearing the judge conducted was adequate pursuant to Richardson prior to excluding the evidence, we agree that the sanction of exclusion of this exculpatory evidence impacted Casseus's fundamental right to defend herself.
After conducting a Richardson hearing and finding a violation, the trial court has discretion to choose an appropriate remedy or sanction. State v. Eaton, 868 So.2d 650, 653 (Fla. 2d DCA 2004). "Exclusion of evidence can be a permissible sanction when the trial court determines there has been a discovery violation." Id. (citing Fla.R.Crim.P. 3.220(n)). "The extreme sanction of excluding evidence, however, should be used only as a last resort." Id. "Relevant evidence should not be excluded from the jury unless no other remedy suffices, and it is incumbent upon the trial court to conduct an adequate inquiry to determine whether other reasonable alternatives can be employed to overcome or mitigate any possible prejudice." Id. (quoting Wilkerson v. State, 461 So.2d 1376, 1379 (Fla. 1st DCA 1985)).
This case is similar to Mattear v. State, 657 So.2d 46 (Fla. 4th DCA 1995). In that case, the trial court refused to permit defense counsel to call two key defense witnesses who would directly contradict the victim's testimony. The state objected to their testimony because neither had been listed as witnesses, and the trial had started, with opening statements and direct examination already complete. This court concluded that the trial court had erred in excluding the testimony. However, as admitting the testimony would have prejudiced the state, a mistrial was the appropriate remedy. We said:
In Woody v. State, 423 So.2d 971, 971 (Fla. 4th DCA 1982), this court noted that a trial court's decision to exclude testimony for a discovery violation should balance "the propositions that the reciprocal rules of discovery should be followed so long as the defendant is not denied his fundamental right to defend himself." Since the testimony sought to be introduced by the witnesses in the instant case was exculpatory in nature, exclusion of the testimony would deny appellant his fundamental right to defend himself in violation of the Sixth Amendment. We therefore reverse the decision of the trial court and remand for a new trial.
We are not suggesting by this opinion that the trial court, after determining under Richardson v. State, 246 So.2d 771 (Fla.1971), that the state would suffer substantial prejudice, should have allowed the witnesses to testify in the trial presently underway. When exculpatory evidence is sought to be introduced in violation of the discovery rules, and remedies which would allow the trial to proceed are insufficient, the proper *296 course of action is to declare a mistrial. A mistrial is an appropriate discovery sanction under rule 3.220(n)(1), Florida Rules of Criminal Procedure.
657 So.2d at 47.
Similarly, in Fabregas v. State, 829 So.2d 238 (Fla. 3d DCA 2002), the court disapproved the exclusion of defense witness testimony that went directly to the credibility of the sole prosecution expert witness. The court said,
"[w]hen a court determines that the State may be prejudiced because of a discovery violation, it should make every effort to find a remedy short of excluding the witness." Here, it does not appear that the trial court considered any other alternative to exclusion. The case could have been recessed for a few days in order to give the State an opportunity to investigate the matter and, if need be, obtain the services of another expert.
Id. at 241 (quoting Wheeler v. State, 754 So.2d 827, 830 (Fla. 2d DCA 2000)).
Here, the state claimed it would be prejudiced if these other official documents containing Casseus's signature were admitted because it would want to submit them to a handwriting expert. As in Fabregas, the court could have recessed the case for a few days or declared a mistrial to cure the state's prejudice, rather than excluding the evidence to the great prejudice of the defendant who has a constitutional right to present a defense. Contrary to the state's harmless error analysis, our review of the record does not convince us that this error was harmless beyond a reasonable doubt.
Reversed and remanded for a new trial.
POLEN and HAZOURI, JJ., concur.