WELLS, Judge.
Based on a brawl between acquaintances, V.L. was found guilty of simple battery, a first degree misdemeanor, and placed on probation for one year. V.L. appeals, arguing that the trial court erred in precluding the testimony of his cousin, Christian Lopez, who was present at the time of the incident. The State concedes the trial court erred in prohibiting Lopez’s testimony, but argues that in light of an admission V.L. made at the time of the incident, the error was harmless. We disagree and reverse.
A petition for delinquency was filed against V.L. for an aggravated battery occurring on August 24, 2006. At a suppression hearing immediately preceding an adjudicatory hearing, the officer who arrested V.L. testified about a statement V.L. allegedly had made to him. According to the officer, he had been dispatched to a burglary when he saw the victim covered in blood. The victim told the officer that he had been playing basketball when he was jumped by a group of males. When asked to identify them, the victim immediately pointed toward V.L., who was standing with some others. After backup arrived, the officer approached and ques *905 tioned the group. After one of the group began to scream, the officer handcuffed him. At this point, V.L. came forward and told the officer “that he [V.L.] was the one who hit the victim.” V.L. was arrested. The motion to suppress was denied.
During the suppression hearing, V.L.’s attorney learned about Lopez who had come to court that day with V.L. According to V.L.’s attorney, Lopez’s testimony would rebut the victim’s, not the arresting officer’s, testimony. Lopez was sworn in but told to wait outside.
The court then began to take evidence on the charges against V.L. The victim testified that on the evening of the incident he, his friend and two other boys had gone to a park where they encountered V.L. and a couple of V.L.’s cousins. The boys played basketball until V.L.’s brother arrived and began “talking trash.” According to the victim, he told V.L. that he “didn’t want to fight,” but V.L. “took out [a] knife and [ ] moved it around,” then put away the knife and punched the victim in the face. A “big brawl” ensued, and the victim was hit with a rock.
At this 'juncture, defense counsel explained to the court that Lopez wanted to testify and that Lopez would say that the victim, not V.L., was the aggressor and that V.L. never had a knife or a rock. However, the court ruled that Lopez could not testify because the defense could have learned of Lopez earlier and because no excusable neglect had been demonstrated.
“When a court determines that the State may be prejudiced because of a discovery violation, it should make every effort to find a remedy short of excluding the witness.” Fabregas v. State, 829 So.2d 238, 241 (Fla. 3d DCA 2002) (quoting Wheeler v. State, 754 So.2d 827, 830 (Fla. 2d DCA 2000)). Thus, although exclusion of a witness is a permissible sanction for violation of the discovery rules, it should be imposed only where the trial court has conducted an adequate inquiry “to determine whether other ■ reasonable alternatives can be employed to overcome or mitigate any possible prejudice,” Casseus v. State, 902 So.2d 294, 295 (Fla. 4th DCA 2005) (quoting Wilkerson v. State, 461 So.2d 1376, 1379 (Fla. 1st DCA 1985)) and where no other remedy suffices. See O’Brien v. State, 454 So.2d 675, 677 (Fla. 5th DCA 1984) (“Although it is within the judge’s discretion to exclude witnesses that most extreme sanction should never be imposed except in the most extreme cases, such as when purposeful, prejudicial and with intent to thwart justice.”).
The States concedes that the trial court improperly excluded Lopez’s testimony without looking into reasonable alternatives, but .nonetheless maintains that the error was harmless because the trial judge adjudicated V.L. guilty of simple battery-no more than what he admitted to the officer at the time of the incident. However V.L.’s claim was self defense and because Lopez’s testimony would support that claim (that is, that the victim and not V.L. was the aggressor) rather than contradict the officer’s testimony (that V.L. had hit the victim), we cannot say that exclusion of this testimony was harmless.
As explained in Cuervo v. State, 967 So.2d 155 (Fla.2007):
To justify affirmance of a conviction despite error at trial, the State must prove beyond a reasonable doubt that the error “did not contribute to the verdict or, alternatively stated, that there is no reasonable possibility that the error contributed to the conviction.” State v. DiGuilio, 491 So.2d 1129, 1135 (Fla.1986). The harmless error test is not a sufficiency-of-the-evidence, a correct result, a not clearly wrong, a substantial evidence, a more probable than not, a clear *906 and convincing, or even an overwhelming evidence test. Harmless error is not a device for the appellate court to substitute itself for the trier-of-fact by simply weighing the evidence. The focus is on the effect of the error on the trier-of-fact. The question is whether there is a reasonable possibility that the error affected the verdict. The burden to show the error was harmless must remain on the state. If the appellate court cannot say beyond a reasonable doubt that the error did not affect the verdict, then the error is by definition harmful. Id. at 1139.
Accordingly, the determination of delinquency is vacated, and this case is remanded for retrial.