NORTHCUTT, Judge.
Christopher Tolbert appeals his conviction for trafficking in cocaine by possession. We agree with his assertion that the trial court abused its discretion by admitting evidence of a firearm found during a search of his home, and we reverse and remand for a new trial.
The police executed a search warrant at Tolbert’s house at a time when no one was home. When searching the house, the police discovered cocaine in a trash bag that was concealed beneath the kitchen garbage. Inside the trash bag containing the drugs, the police also found mail addressed to Tolbert and a handgun. The police went to the nearby home of Tolbert’s mother and spoke on the phone with Tol-bert. He came to his mother’s home and was arrested.
In the first of three issues on appeal, Tolbert argues that his jury trial was tainted by the admission, over objection, of evidence that a gun was found with the drugs. We conclude that the trial court should not have admitted this evidence. The Florida Supreme Court has held that “in order for evidence of a firearm to be admissible as relevant in a criminal trial, ‘the State must show a sufficient link between the weapon and the crime.’ ” Agatheas v. State, 77 So.3d 1232, 1236 (Fla. 2011) (quoting in part Jackson v. State, 25 So.3d 518, 528 (Fla.2009)). “[T]he basic rule that has been consistently followed by our appellate courts is that ‘if there was no evidence linking any of these firearms to the charged crime, evidence of the firearms would be irrelevant, and should have been excluded upon proper objection.’” Id. (quoting in part Moore v. State, 1 So.3d 1177, 1178 (Fla. 5th DCA 2009)). In this case, the State presented no evidence linking the handgun to the drug trafficking charge.
Even when there is some involvement of firearms in the charged crime, evidence such as this must be excluded when “the relevance is substantially outweighed by the danger of confusion or unfair prejudice.” Green v. State, 27 So.3d 731, 738 (Fla. 2d DCA 2010) (discussed with approval in Agatheas, 77 So.3d at 1236-37). In Green, firearms played a part in the crimes charged against the defendant: felony murder perpetrated by a shooting, armed burglary, and armed robbery. According to the codefendants, they went to Green’s house to obtain a gun before Green and the others robbed the victim. Over objection, the State was allowed to introduce evidence of three firearms found in Green’s home two days after the shooting. On appeal, this court held that two of the firearms, found in a roommate’s bedroom, were completely irrelevant because they were not connected either to the crimes or to Green. Id. at 737-38. We further held that the third firearm, found in Green’s bedroom, “was marginally relevant to Green’s participation in the charged crimes” based on the codefen-dants’ explanation that they went to Green to get a gun. Id. at 738. But because this particular firearm was unconnected to the charged crimes, we held that its relevance was outweighed by the danger of unfair prejudice. Id.
In this case, the State failed to establish any link between the handgun found in the *1143 trash bag and the charged crime of trafficking; the evidence involving the gun was therefore irrelevant. See Green; see also Huff v. State, 544 So.2d 1143, 1144 (Fla. 4th DCA 1989) (“[I]t was error to admit testimony that the defendant carried a gun to work. Guns had nothing to do with the crime charged” — trafficking in cocaine.). The State responds that everything found in the trash can with the cocaine was relevant in that it would assist the jury in ascertaining who put the drugs there. Certainly the mail addressed to Tolbert was relevant to prove his connection to the drugs. But the State presented no evidence to show that Tolbert owned the gun — there was no fingerprint evidence linking him to the gun, no purchase or registration records, and no witnesses who had seen Tolbert with the gun. Without connecting the gun to Tolbert, its discovery with the drugs did not tend to prove or disprove the material fact of who possessed the drugs. See § 90.401, Fla. Stat. (2011) (defining relevant evidence). Thus, the trial court abused its discretion by admitting evidence regarding the gun over Tolbert’s objection.
To conclude that this error was harmless, we must find “beyond a reasonable doubt that the error complained of did not contribute to the verdict or, alternatively stated, that there is no reasonable possibility that the error contributed to the conviction.” State v. DiGuilio, 491 So.2d 1129, 1135 (Fla.1986).
The test is not a sufficiency-of-the-evidence, a correct result, a not clearly wrong, a substantial evidence, a more probable than not, a clear and convincing, or even an overwhelming evidence test.... The focus is on the effect of the error on the trier-of-fact_ The burden to show the error was harmless must remain on the state. If the appellate court cannot say beyond a reasonable doubt that the error did not affect the verdict, then the error is by definition harmful.
Id. at 1139. Focusing on the effect of the error on the trier of fact, we note that drug trafficking is commonly perceived to be a crime accompanied by violence. See Perkins v. State, 576 So.2d 1310 (Fla.1991) (observing that drug trafficking may involve a propensity for violence but that, under the rule of lenity, it does not qualify as a forcible felony precluding a claim of self-defense). In this case, there is a reasonable possibility that the evidence regarding the handgun influenced the jury in reaching its conclusion that Tolbert was a drug trafficker. Therefore, the improper admission of this evidence was not harmless error, and Tolbert is entitled to a new trial.
We also conclude that the trial court abused its discretion by refusing to allow the defense to present testimony by Tolbert’s, mother, a witness who had not been listed in discovery, without first considering lesser sanctions. The trial court correctly recognized the need for an inquiry into the potential prejudice caused by the defense’s discovery violation. See Richardson v. State, 246 So.2d 771, 775 (Fla.1971) (describing an adequate inquiry into a criminal discovery violation as encompassing the surrounding circumstances including “whether the ... violation was inadvertent or wilful, whether the violation was trivial or substantial, and most importantly, what effect, if any, did it have upon the ability of the [other party] to properly prepare for trial” (quoting Ramirez v. State, 241 So.2d 744, 747 (Fla. 4th DCA 1970))). We point out that it is necessary for a trial court to make specific findings on whether a violation was inadvertent or willful, whether it was trivial or substantial, and whether it affected the other party’s ability to prepare for trial.
*1144 After making these findings, a trial court must also give careful consideration to the appropriate remedy. See McDuffie v. State, 970 So.2d 312, 322 (Fla.2007) (“First, the judge must decide whether the discovery violation prevented the aggrieved party from properly preparing for trial. Second, the judge must determine the appropriate sanction to invoke for the violation.” (quoting Smith v. State, 372 So.2d 86, 88 (Fla.1979))). The exclusion of a witness is the most extreme sanction, and it should be the sanction of last resort when it results in the exclusion of potentially exculpatory evidence. Id. As the Florida Supreme Court has held:
Where the issue involves possible exclusion of defense evidence, the “extreme sanction of excluding [defense] evidence ... should be used only as a last resort” and “it is incumbent upon the trial court ... to determine whether any other reasonable alternatives can be employed to overcome ... possible prejudice,” including declaration of a mistrial. Casseus v. State, 902 So.2d 294, 295 (Fla. 4th DCA 2005) (quoting State v. Eaton, 868 So.2d 650, 653 (Fla. 2d DCA 2004)); see also Tomengo v. State, 864 So.2d 525, 530 (Fla. 5th DCA 2004) (stating that exclusion of a defense witness because of a defense disclosure violation is a severe sanction that should be a last resort reserved for extreme or aggravated circumstances); Livigni v. State, 725 So.2d 1150, 1151 (Fla. 2d DCA 1998) (stating that the severe sanction of defense witness exclusion for witness list violation should be a last resort reserved for extreme or aggravated circumstances).
When, as in this case, the discovery violation is committed by the defense, special importance attaches to the trial court’s inquiry into alternative sanctions because exclusion of exculpatory evidence implicates the defendant’s constitutional right to defend himself or herself. See Alexander [v. State], 931 So.2d [946] at 950 [ (Fla. 4th DCA 2006) ]; see also McBride v. State, 913 So.2d 696, 699 (Fla. 1st DCA 2005) (holding that a criminal defendant has a due process right to present evidence and that exclusion of evidence for a defense discovery violation should be imposed only if no other remedy suffices).
McDuffie, 970 So.2d at 322. Although this issue has been rendered moot by our reversal for a new trial, we point out that the trial court should have considered less severe sanctions before excluding the testimony of Tolbert’s mother.
In his final issue, Tolbert argues that the trial court should have granted his motion for judgment of acquittal. He contends that the State’s circumstantial evidence failed to prove his constructive possession of the drugs. Constructive possession is shown by evidence that a defendant had knowledge of the presence of the drugs and that he or she had dominion and control over them. Jackson v. State, 995 So.2d 535, 539 (Fla. 2d DCA 2008).
At trial, Tolbert testified that he stayed at his house only sporadically and that other people were frequently staying there. He related that there had been a large party in the house during the weekend that preceded the search. If accepted, this evidence would show that the premises were not in Tolbert’s exclusive possession. However, in a post-Miranda[1] statement given after his arrest, Tolbert told the police that he lived in the house; he did. not say that he stayed there infrequently or that others were living there, nor did he mention any party. Moreover, *1145 Tolbert’s trial testimony did not account for the fact that his personal mail was found in the trash bag with the cocaine. “An inference of knowledge and dominion and control may also arise where the contraband located in jointly occupied premises is found in or about other personal property which is shown to be owned or controlled by the defendant.” Jackson, 995 So.2d at 540. We conclude that the evidence was sufficient to present a jury question and that the trial court correctly denied Tolbert’s motion for judgment of acquittal.
For the reasons mentioned, we reverse and remand for a new trial in accordance with this opinion.
Reversed and remanded for a new trial.
LaROSE and KHOUZAM, JJ., Concur.

. Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694(1966).